ADA DUKE AND EMMA REBERT, RESPONDENTS, v. H. S. CROSSFIELD, APPELLANT.—240 SW (2) 180.

Springfield Court of Appeals.   May 21, 1951.

*Blanton & Blanton, R. Kip Briney, William A. Settles* for Appellant.

580

*Cope & Ponder, C. A. Powell for Respondents.*

VANDEVENTER, P. J.—From the issuance of an injunction, defendant has appealed.

The petition was filed in Butler County and went to Stoddard County on change of venue. As filed, it contained three counts, the first prayed for an injunction, restraining and mandatory; the second count was to quiet title and the third count was ejectment. In the first count, when originally filed, the City of Poplar Bluff, F. A. Pearce, Mote Cone, Ada Duke, C. M. Bagby, Lewis H. Mills, Jr., and Emma Rebert sought to enjoin the defendant from maintaining a structure in what was alleged to be an alley in the City of Poplar Bluff.

In the second count, the City of Poplar Bluff, alone, sought to quiet title to part of what was alleged to be an alley of that City.

In the third count, the City of Poplar Bluff, alone, sought to eject defendant from the same piece of ground described in the second count and to collect damages in the sum of $1000.00 for unlawfully withholding the same and for $100.00 per month rent from the date of the judgment prayed for until possession was delivered to plaintiff.

This petition was filed October 22nd, 1947. On October 24, 1947, two days later, Lewis H. Mills, Jr., filed his motion asking the court to remove his name from the list of parties plaintiff and that motion was granted. On the 10th day of June, 1949, the City of Poplar Bluff filed a motion asking the court to dismiss it as a party plaintiff and on June 20th, that motion was sustained. At the close of the evidence at the trial, the court dismissed the cause as to plaintiffs, F. A. Pearce, C. M. Bagby and Mote Cone.

On the 20th day of June, 1949, the court also sustained defendant's motion to dismiss counts 2 and 3 of the petition and overruled a motion to dismiss count 1.

The case went to trial in Stoddard County on the 30th day of July, 1949 and on the 7th day of October, 1949, the court rendered a decree restraining the defendant from further encroachment on said alley and

commanding him to remove a foundation he had built on the land in controversy. From this decree, defendant appealed. From the foregoing statement, it will be seen that the cause is now before us on count 1 of the petition, only, and with two plaintiffs still in the case, to-wit: Ada Duke and Emma Rebert.

The evidence showed that in 1872, Kitchen and Bartlett's Addition to the town of Poplar Bluff, Butler County, Missouri was duly platted, filed and recorded. This addition, which contained approximately 30 city blocks, was four blocks wide and in some places 8½ blocks long. The block in controversy here is Twenty One, which is near the center of this addition. Bartlett Street runs east and west to the north of Block 21 and Almond Streets runs east and west to the south of it. Running north and south on the west is B Street and north and south on the east of it is C Street. On the original plat, an alley runs north and south through the center of Block 21 and north and south through all the other blocks in the addition, making a uniform alley way system. The alley as platted in Block 21 continues straight north through 4½ blocks from Block 21 and south through 3½ blocks. Block 21 contains 12 lots, six on each side of the alley, which is 16 feet wide. The lots were each 142 feet long, east and west and 50 feet wide, north and south. The defendant owned Lot 7, which was the southernmost lot on the west side of the alley. He bought it in 1944 and his deed called for "Lot No. Seven (7) in Block No. Twenty-One (21) of Kitchen and Bartlett's Addition to the original town, now City of Poplar Bluff, Missouri, as platted and recorded in the office of the Recorder of Deeds of Butler County, Missouri."

It seems from the evidence that for many years the alley had not been used as platted. While it started in at the north end as platted, it veered gradually to the west until at the south end of Block 21, which was the southeast corner of defendant's Lot No. 7, it had encroached upon his lot 8.4 feet. After the defendant purchased Lot 7, he had it surveyed and found that the alley, as used, was on that 8.4 feet of the east end of his lot. He consulted the City Attorney and the Street and Alley Committee of the City Council and was told to go ahead and build on his property. He erected a concrete foundation for a building on the east end of Lot 7 of the approximate size of 30 by 70 feet. He dug the footings for the foundation 30 inches deep. He talked to his neighbor, who owned Lot 6 across the alley, (one Lee Payton) and his neighbor moved a building and fence back to the platted east line of the alley and built a concrete curb along it which left the full 16 foot alley between the curb and the east end of defendant's foundation.

Plaintiff Emma Rebert owns Lot 1 of Block 21, of Kitchen and Bartlett's Addition which is the north lot on the east side of the alley and Ada Duke owns Lot 5, which adjoins Lot 6 on the north, Lot 6 being

the one owned by Lee Payton and being straight east across the alley from Lot 7 owned by defendant.

Ada Duke had purchased this lot and her deed described it as Lot 5 of Kitchen and Bartlett's Addition and there was no question or contention but what she had received a lot 50 by 142 feet without considering the alley. If the alley were to remain as used, she would get in addition to the Lot 6 purchased and paid for, a piece of ground 50 feet long and approximately 5.6 feet wide at the north end and 7 feet wide at the south end, all on the west end of her lot, and part of the alley as originally platted. Emma Rebert would not have been so fortunate as she owned the northernmost lot on the east side of the alley, Lot No. 1. The strip of land she would have received would come to a point at the northwest corner of her lot and would be 1.4 feet wide at the southwest corner, fifty feet further south. There is no contention that she does not already have all of Lot No. 1, which was 50 feet wide and 142 feet long. If the alley stays where it was originally platted, both plaintiffs, Emma Rebert and Ada Duke, will still have the exact amount of land as designated in the original plat of their respective lots.

The evidence further showed that in 1936 or 1937, the City, through the W. P. A., built a sewer down this alley. This sewer was put in the alley as originally platted. Some power line poles had also been erected by the city but they are in the platted area of the alley, as was also a gas main. Two telephone poles had been erected by the telephone company at the west edge of the alley as used and they are not located in the alley as platted.

Photographs were introduced showing the west end of Ada Duke's lot on which appeared to be a dilapidated and seemingly worthless shed, almost falling down and the top of which, the evidence showed, was leaning two feet out into the alley as used. A photograph of the north end of the alley, looking south, was also introduced in evidence, showing a shed on the west end of Emma Rebert's lot. This shed from the photograph appears to be of very little, if any, value. Other photographs were introduced showing all the buildings on the east side of the alley, as used, and these photographs clearly show all these buildings to be dilapidated, seemingly worthless and apparently fire hazards.

The evidence further shows that when the W. P. A. built the sewer, some surplus dirt was left from that operation and that the dirt in the excavated places had sunk and the City, with a grader, had leveled it up and at one time hauled some cinders and dirt to fill up a low place in the alley. Other than this meager evidence of upkeep, there was none, except that at one time the City had cut the weeds in the alley. At other times the weeds had been cut by the adjoining property owners.

The evidence shows that if the alley, as used, was maintained, it would be out of line with the north and south alley in three blocks south of 21 and 4½ blocks north of it.

This being an equity case, this court must decide it de novo and while due deference should be accorded the decision of the trial court, bacause he had the opportunity of seeing and hearing the witnesses, the responsibility is ours and it is our duty to render such a decree as we think should have been rendered in the court below. Young v. Moore (Mo. App.) 236 S. W. (2) 740. McBee v. Twin City Fire Ins. Co. et al. (No. 7011)—— S. W. (2)——.

Lt us now revert to the petition and see what Ada Duke and Emma Rebert claim. They state that the City of Poplar Bluff for more than 40 years was the owner of an alley 16 feet wide, extending north and south from Bartlett Street to Almond Street and then they described this alley, not as platted and recorded as an addition to the city, but (so they alleged) as used throughout the years by people, who saw fit to go through it. They assert that they own Lots 1 and 5, respectively, on Block 21 of Kitchen and Bartlett's Addition to the town of Poplar Bluff and that the lots abut on the alley and that the use of the general public throughout the years has been adversely, under a claim of ownership by the City of Poplar Bluff and that the City of Poplar bluff has kept and maintained said alley and expended public money on it for more than 40 years. They then allege that the defendant built his foundation in the alley, is obstructing it and that that is wrongful and illegal and ''will result in irreparable damage and injury''· to the plaintiffs and will cause a cloud upon the title of the City of Poplar Bluff. They then pray for an injunction to restrain defendant from further building upon the foundation and asked the court by mandatory injunction to require the defendant to remove it.

Of course, there can be no cloud upon the title of the City of Poplar Bluff that these plaintiffs can complain of. The City of Poplar Bluff voluntarily withdrew as a party to this litigation. Plaintiffs undoubtedly then, if then they are entitled to win, must do so on the ground that they will suffer irreparable injury. We are assuming but not deciding that they have alleged facts showing it and not conclusions. Each of these plaintiffs has exactly the amount of land she bought when acquiring the property. By encroaching upon the platted alley of the City of Poplar Bluff, apparently Emma Rebert has had the use of a strip of land 1.4 feet wide at the south end of the west side of her lot and gradually coming to a pen point at the northwest corner thereof. She did not buy this small piece of land but acquired the use of it by encroaching upon the platted alley, the property of the City.

The same applies to Ada Duke. Their mala fides is greater than that alleged of the defendant Crossfield. They do not claim to have a deed to this additional land. Crossfield has a deed to all the land upon

which he erected the foundation and he had a surveyor survey it before he started building on it. As between the parties to this action, the plaintiffs are in the worse position. They cry out against the defendant for his act, while they are more guilty of doing the same thing. They can suffer no irreparable injury by losing the land that they have appropriated wrongfully. Neither can they suffer an irreparable injury by virtue of the alleged obstruction, if Ada Duke will remove her dilapidated shed from the alley and onto the lot she owns. There is no evidence that either Mrs. Duke or Mrs. Rebert ever uses the alley as a road or passage way and if Ada Duke does, her obstruction, if any, is her own shed. We think that the plaintiffs have wholly failed to prove grounds for equitable relief or to show that because of the erection of the foundation, they will suffer irreparable injury. Neither do we think they come into a court of equity with clean hands. To show an encroachment by the defendant, they also show a prior encroachment by themselves and others, which makes that alleged of the defendant possible. Leeper v. Kurth, 349 Mo. 938, 163 S. W. (2) 1031. Rose v. Houser (Mo. App.) 206 S. W. (2) 571. 30 C. J. S. Equity, Sec. 93. Union Electric Land & Development Co. v. De Graffenreid, (Mo. App.) 78 S. W. (2) 571.

There is another ground on which relief should be denied and that is upon the doctrine of relative inconvenience or comparative injury of the parties. The granting of an injunction rests in the sound discretion of the court and where the injury to the plaintiff is trivial compared with the injury to the defendant, in the sound exercise of that discretion, courts of equity will refuse to grant an injunction. 43 C. J. S. Injunctions, Sec. 30. Rubinstein v. City of Salem (Mo. App.) 210 S. W. (2) 382. Johnson v. Independent School District No. 1, 239 Mo. App. 749, 199 S. W. (2) 421. Humphreys v. Dickerson 216 S. W. (2) 427.

We think the injury, if any, to these plaintiffs is trivial. The defendant has built his foundation upon land that he purchased, described in his deed by reference to the recorded plat of an addition to the City of Poplar Bluff. He is asking for no more than he bought. To remove his foundation would entail considerable trouble and expenditures on his part. Plaintiffs may still have their lots in full and also the use of the alley.

The judgment and decree of the trial court should be reversed and the Chancellor is hereby directed to enter a decree for the defendant. *Blair, J.,* concurs in Results. *McDowell, J.,* concurs.