**634**

Leland KELLER and Diane Keller, d/b/a
Valentine Resort,
Plaintiffs-Respondents,

v.

James DEVINE and Norma J. Devine,
d/b/a Villa Devine,
Defendants-Appellants.

No. 9867.

Missouri Court of Appeals,
Springfield District.

May 3, 1977.

Claude T. Wood, Dale H. Close, Wood &
Close, Richland, for defendants-appellants.

Ronald K. Carpenter, Charles E. Mc-
Elyea, Phillips & McElyea, Camdenton, for
plaintiffs-respondents.

PER CURIAM.

Plaintiffs Leland Keller and Diane Keller
are the owners and operators of Valentine
Resort located in Osage Bridge Subdivision
in Camden County, Missouri. The resort
consists of a motel, restaurant and a mari-
na. Defendants James Devine and Norma
J. Devine are the owners and operators of
Villa Devine located in the same subdivi-
sion. Villa Devine consists of a motel and a
restaurant. "To a degree" the parties are
business competitors.

The petition was in three counts. In
Count I plaintiffs sought injunctive relief
restraining defendants from interfering
with a certain sign (including painting it or
removing it) which advertised Valentine
Resort. In Count II plaintiffs sought actu-
al and punitive damages based upon de-
fendants' willful and malicious damaging of
the sign. In Count III plaintiffs sought
injunctive relief against defendants' inter-
ference with plaintiffs' use of Littler Road
located in Osage Bridge Subdivision. Count
III alleged that on November 29, 1971, de-
fendants "closed Littler Road by bulldozing
part of it out and blocking [it] by large
mounds of rock and dirt." Plaintiffs al-
leged that such closing of Littler Road "is a
nuisance to plaintiffs" and requested a
mandatory injunction requiring defendants
"to remove the nuisance" and enjoining de-
fendants "from maintaining any obstruc-
tion or nuisance upon Littler Road."

The trial court, sitting without a jury,
granted plaintiffs the injunctive relief re-
quested by Count I and Count III. On
Count II the court found the issues in favor
of plaintiffs and awarded them $400 actual
damages and $1,000 punitive damages. De-
fendants appeal.

Defendants challenge the propriety of the
trial court's decree with respect to Count I
and Count III. Defendants make no com-
plaint concerning the disposition of Count
II.

Missouri State Highway No. 5 runs gen-
erally east and west across the northern
portion of Osage Bridge Subdivision. That
part of the subdivision which lies south of
Highway 5 contains three roads: James
Road, Gallagher Road, and Littler Road.
James Road runs generally north and south
and intersects Highway 5. Gallagher Road,

which lies some distance west of James Road, also runs generally north and south and it, too, opens onto Highway 5. Littler Road runs generally east and west, parallel to Highway 5, and connects James Road with Gallagher Road. The center line of Littler Road is approximately 140 feet from the south edge of Highway 5.

The plaintiffs are the owners of a sign which partially obstructs that portion of Gallagher Road which lies between Littler Road and Highway 5. The sign is a large one, standing on poles approximately 30 feet apart. Both poles lie within Gallagher Road, which has a width of 40 feet. Count I of the petition sought injunctive relief restraining defendants from interfering with the sign.

Count III of the petition sought a mandatory injunction requiring defendants to remove an obstruction in Littler Road. The only obstruction mentioned in the petition consisted of "large mounds of rock and dirt" which, it may be inferred from the record, had been removed prior to the trial. During the trial the plaintiffs introduced a survey which purported to show that a portion of defendants' motel building partially obstructed Littler Road. The encroachment by the motel building apparently had not played a part in the institution of the action and the plaintiffs became aware of that encroachment during the course of their trial preparations. The offending portion of the motel building is "around the corner" from the offending sign, the former being approximately 100 feet south and 300 feet west of the latter.

In effect the plaintiffs sought injunctive relief, which the trial court granted, restraining defendants from interfering with plaintiffs' partial obstruction of Gallagher Road and ordering defendants to remove their partial obstruction of Littler Road. The equitable doctrine of "unclean hands" is a bar to such relief.

"The maxim that he who comes into equity must come with clean hands is a cardinal one. It touches to the quick the dignity of a court of conscience itself. Hence, its application does not depend upon the aver-ments of the pleadings, or the wish of counsel, but it may be invoked and applied, ex mero motu, by the court." *Creamer v. Bivert,* 214 Mo. 473, 113 S.W. 1118, 1122[9] (1908). See also *Leeper v. Kurth,* 349 Mo. 938, 163 S.W.2d 1031, 1033[2] (1942); *Jones v. Jefferson,* 334 Mo. 606, 66 S.W.2d 555, 560 (1933).

In *Wainscott v. Strode,* 237 S.W. 196 (Mo. App.1922) plaintiff sought an injunction requiring the removal of a wrongful obstruction of a road by defendant. The trial court found that plaintiff himself had obstructed the road and was "not in a position to maintain this action." The court of appeals, in affirming, said at p. 197:

"It is not necessary to repeat here the old equity maxim that he who comes into a court of equity must come with clean hands. The court was right in declaring that plaintiff, by obstructing the passageway in question, is not in a position to maintain this action against defendants."

Other authorities support the proposition that the conduct of plaintiffs in maintaining an obstruction of Gallagher Road bars their claims to injunctive relief under Count I and Count III: *Duke v. Crossfield,* 241 Mo.App. 579, 240 S.W.2d 180, 183[4] (1951); *Rose v. Houser,* 206 S.W.2d 571, 576[3, 4] (Mo.App.1947); *Union Elec. Land & Dev. Co. v. De Graffenreid,* 229 Mo.App. 622, 78 S.W.2d 571, 572 (1934).

Those portions of the judgment which granted plaintiffs relief on Count I and Count III of the petition are reversed; defendants having made no complaint concerning the disposition of Count II, the portion of the judgment granting plaintiffs relief on Count II is affirmed.

It is so ordered.

All concur.