UNION ELECTRIC LAND & DEVELOPMENT CO., APPELLANT, v. RILEY DE GRAFFENREID ET AL., RESPONDENT.—78 S. W. (2d) 571.

Kansas City Court of Appeals. December 3, 1934.

*Sebree, Sebree & Shook* and *Carl L. Crocker* for appellant.

*H. M. Atwell, Irwin & Bushman* and *Harry L. Buchanan* for respondent.

CAMPBELL, C.—Plaintiff brought this suit seeking an injunction restraining the defendants from committing alleged trespasses upon land known in the record as the parking area and a part of highway 54 adjacent thereto located near the west end of the Bagnell dam in Miller county. A temporary injunction was issued, which upon trial was dissolved and the plaintiff's petition dismissed. Plaintiff appeals.

On April 5, 1932, plaintiff conveyed to the State highway commission an easement in the land known as the parking area for storage and the relief of traffic congestion and "for no other purpose." On January 4, 1932, plaintiff conveyed a right of way to the highway commission for that part of highway 54 which is here involved. Those conveyances were executed in compliance with the terms of a contract dated June 18, 1929. The parking area and highway 54 were opened for public use in April, 1931. Plaintiff, in July, 1931, began and thereafter continued to operate boats for hire on the

Lake of the Ozarks. During the same period the defendants severally operated boats upon the same lake. The evidence discloses that each of the defendants, except the defendant, DeGraffenreid, frequently, during the period above mentioned, parked an automobile upon the parking area and used the said area as a place in which to solicit the sale of tickets "for boat rides."

We need not cite authority in support of the pronouncement that the conveyances of the easements did not affect the title of plaintiff in the subsurface of the land over which the easements were granted. Nor can it be questioned that the remedy by writ of injunction exists to prevent repeated trespasses on land, provided irreparable injury is caused thereby, or when an adequate remedy cannot be afforded by an action at law. [Sec. 1519, R. S. 1929; Sikes v. R. R., 127 Mo. App. 326; Bryant v. West, 219 S. W. 355; 32 C. J. 139.]

The writer hereof has read the cases cited in appellant's brief. In none of them were the facts similar to the facts in the instant case. In the present case each of the defendants, under the terms of plaintiff's grant to the highway commission, had the right to park his automobile on the parking area and to walk about thereon in the usual manner. Thus, the only acts of defendants which it can be claimed were wrongful consisted in using the parking area when selling tickets "for boat rides." It is not claimed that the conduct of the defendants injured the subsurface of the land here involved, nor that defendants obstructed traffic on the parking area or on the highway. Clearly, no fact was pleaded or proven which tends to show that the activities of any of the defendants in any way injured or interfered with the use of the subsurface of the land over which the easements were granted.

One of the plaintiff's officers in testifying concerning the question of damages, said:

"Q. I am asking you to tell the court what the damage was. A. If the parking area was open to the public to go down the road and park unmolested by the solicitors, I think the whole area would be more attractive to the public.

"Q. But I'm asking you how it hurt you—did it take business away from your boat lines? A. Yes, sir."

The conclusion is inescapable that the real object and purpose of this action is to prohibit the defendants from competing with plaintiff in the operation of its boats. Equity will not aid such a purpose.

There is another reason supporting the ruling of the chancellor. Defendants' agents in soliciting business for its boats stood at the edge of the parking area. The persons solicited were upon the parking area. Thus, one of the parties to the transaction was using the parking area in a manner similar to the manner in which the defend-

ants used it. The plaintiff also constructed a building called a casino, the platform of which extends into the parking area. Plaintiff may not have relief by injunction against the alleged misconduct of the defendants when it has been guilty of similar acts. [21 C. J. 185; Wainscott v. Strode, 237 S. W. 196; Nebraska Telephone Co. v. Western Independent Tel. Co., 95 N. W. 18.] The plaintiff has not sustained injury "different in kind from that sustained by the general public" and, hence, cannot control the conduct of defendants by injunction. [Arcadia Realty Co. v. City of St. Louis, 30 S. W. (2d) 995.] The judgment is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of ⋅CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.