EMERSON SMITH v. JOE SANTARELLI and EDA SANTARELLI, Appellants.
—No. 39789.—199 S. W. (2d) 411.

Division Two, February 10, 1947.

*Philip J. Fowler* and *J. E. Rieger* for appellants.

*George J. England* for respondent.

ELLISON, J.—This is an appeal from a decree of the Adair county circuit court enjoining the appellants from interfering with respondent's right to and use, of a private roadway leading from his farm across appellants' abutting land to State Highway No. 6 in said county. The chancellor found the respondent had acquired that right as an easement by open, notorious, hostile, visible and continued use of the roadway for more than ten years; perpetually enjoined the appellants from obstructing it with barriers, fences and the like; and mandatorily enjoined them to remove such obstructions as had been placed there. The respondent's petition did not claim *title* in the subservient land, nor did the court decree title. It was a pure injunction suit.

The first question that arises is whether this court has jurisdiction of the appeal. Respondent's brief says he does not challenge our appellate jurisdiction. But it is our duty to determine that question

whether the parties have raised it or not. [See the many decisions in 2 West's Mo. Digest, sec. 23, p. 369.] Under Art. V, Sec. 3, Const. Mo. 1945 and Art. VI, Sec. 12, Const. 1875, the only ground upon which we would have appellate jurisdiction of the cause would be that the title to real estate is involved. There is no claim or disclosure as to the amount in dispute, in the sense of the value of the easement claimed, such as might suffice under Aufderheide v. Polar Wave Ice & Fuel Co., 319 Mo. 337, 365(2), 4 S. W. (2d) 776, 783(2, 3), 788 et seq.

On the jurisdictional question, to begin with, an easement, strictly speaking, does not carry any title to the land over which it is exercised; it is rather a right to use the land for particular purposes.[1] Logically this would be especially true where the easement is in fact claimed by prescription or user and not by grant. Furthermore, in this case no title to the real estate is claimed by the respondent's petition. It is conceded that appellants own the land, and the only question is as to respondent's right to use it for a private way. Title, if involved at all, is at most only involved collaterally; it is not in dispute.

It was tacitly conceded in Borchers v. Brewer, 271 Mo. 137, 196 S. W. 10, a banc case decided in 1917, that this court would entertain appellate jurisdiction of such issues. But three years later in Dillard v. Anderson, 282 Mo. 436, 222 S. W. 766, the court en banc squarely ruled that title was only incidentally involved in pure injunction cases, and that appellate jurisdiction lay in the Courts of Appeals. This decision was followed in 1927 by Nettleton Bank v. Est. McGauhey, 318 Mo. 948, 955, 2 S. W. (2d) 771, 775(11), another decision by the court en banc. And such has been the rule of decision in this court ever since. These cases are squarely in point in the present instance. We have no appellate jurisdiction and the cause must be transferred to the Kansas City Court of Appeals. It is so ordered. All concur.

---

[1] 19 C. J., p. 996, sec. 100; 28 C. J. S., p. 751, sec. 73; 17 Am. Jur. 923, sec. 2; 925, sec. 3; 993, sec. 96; 998, sec. 101; Snyder v. Warford & Thomas, 11 Mo. 513, 516(3), 49 Am. Dec. 94; Riggs v. City of Springfield, 344 Mo. 420, 431-2(2), 126 S. W. (2d) 1144, 1149(5), 122 A. L. R. 1496; Union Elec. Land & Dev. Co. v. DeGraffenreid, 229 Mo. App. 622, 78 S. W. (2d) 571.