**ST. LOUIS COUNTY TRANSIT COMPANY,**
a Corporation, Appellant,

v.

The DIVISION OF EMPLOYMENT SE-
CURITY OF the DEPARTMENT OF LA-
BOR AND INDUSTRIAL RELATIONS of
the State of Missouri, Industrial Commis-
sion of Missouri, and Bi-State Develop-
ment Agency of the Missouri-Illinois Metro-
politan District, Respondents.

No. 54598.

Supreme Court of Missouri,
Division No. 2.

July 13, 1970.

As Modified on Court's Own Motion
July 15, 1970.

its brief that jurisdiction of the appeal rests in this Court because: The amount in controversy exceeds $15,000; that a party to the cause is a political subdivision of the State; and that the case involves authority exercised under the laws of the United States. This jurisdictional statement was adopted by the respondents. However, when our jurisdiction is doubtful, we have the duty to examine the question sua sponte. Smith v. Santarelli, 355 Mo. 1047, 199 S.W.2d 411, 412 (1947).

For an understanding of the asserted jurisdiction, it becomes necessary to make a short statement of the facts and the proceedings below.

We adopt for convenience the designation of the parties utilized in the briefs filed. The appellant, St. Louis County Transit Company, will be referred to as County; Bi-State Development Corporation, as Bi-State; the Industrial Commission of Missouri, as the Commission; the Division of Employment Security, as the Division; and Transit Services Company will be referred to as Transit.

County is a Missouri corporation and was engaged in the passenger carrying transportation business until April 1, 1963. Bi-State was created by an Act of Congress which approved a compact between the States of Missouri and Illinois, providing for the creation of a body "politic and corporate," which had among its powers the power to acquire, own and operate passenger transportation facilities. After negotiations, Bi-State acquired County's "bus system" or "transportation facilities." Specifically excepted from the sale, were "cash, cash items, working funds, special deposits, receivables and United States Securities." The agreement provided that Bi-State would assume or arrange the assumption of all labor contracts with the employees of County. In a proceeding before the Missouri Public Service Commission, County was permitted to abandon its certificate of convenience and necessity contingent upon the performance of the contract with Bi-State.

Leyhe, Jacobsmeyer & Meyer, R. W. Jacobsmeyer, Michael C. Rose, Clayton, for appellant, St. Louis County Transit Company.

Lloyd G. Poole, Jefferson City, for Industrial Commission.

Curtis K. Cochell, Jefferson City, for Division of Employment Security.

DAVID J. DIXON, Special Judge.

This is an appeal from the order of the Circuit Court of Cole County, Missouri, affirming a determination of the Industrial Commission of the State of Missouri, and the Division of Employment Security of the Department of Labor and Industrial Relations of the State of Missouri, that the Bi-State Development Agency of the Missouri-Illinois Metropolitan District be the "successor" to St. Louis County Transit Company, under the provisions of Section 288.110, RSMo 1959, V.A.M.S.

We are met at the outset with a jurisdictional problem. Appellant asserts in

On March 31, 1963, the 120 to 130 employees of County became the employees of Transit, which was the "operating agency" of Bi-State. County retained an insignificant amount of physical assets, primarily the office equipment of its president and, on April 1, 1963, had two employees, its president and his secretary.

County continued to operate a gasoline brokerage business which was insignificant in dollar volume as compared to its total volume prior to the sale. Other activities were undertaken by County and on July 1, 1965, it employed approximately 18 persons and had 24 pieces of equipment engaged in general hauling by truck of commodities, primarily sand.

Over the years of its activity, County had made "contributions" to the Employment Security Fund of the State of Missouri, and on April 1, 1963, its "account" was in excess of $95,000.

Against this factual background, the following proceedings have occurred. First, a Deputy of the Division found that Transit was a successor to County. This was appealed to the Appeals Tribunal of the Division. This decision was reversed and the Appeals Tribunal held that Transit should not stand as the successor to County. Review of this was sought before the Industrial Commission, but this review was denied on February 24, 1965.

On April 26, 1965, the Division, by letter of that date, advised Bi-State that it was determining that Bi-State was the successor to County. This determination was based on the evidence offered initially.

County then filed its protest to this determination and on July 1, 1965, this second determination was reviewed by the Appeals Tribunal, which affirmed the administrative decision of the referee. An application for review was filed with the Industrial Commission, which was denied. County then resorted to its remedy in the courts, seeking by a petition for review in the Circuit Court of Cole County, a reversal of the decision of the Commission, which was denied. From this judgment, County has perfected this appeal. The contentions of the parties and other facts will be noticed in the opinion as required.

As to the first asserted ground for jurisdiction in this Court, the amount in dispute, it is clear that this cannot afford a basis for our jurisdiction.

The Missouri Employment Security Law, Chapter 288 RSMo 1959, provides a comprehensive plan for compensation of unemployed workers.

As a consequence of this plan, employers who have "covered employment" make "contributions," the percentage rate of which is established by the status of the employer's "account." Payments made and certain credits are added to the "account" and benefits paid employees are charged to the "account." Thus, the employer has a continuing interest in the so-called "account," since it determines the rate of contributions to be made.

The act does not specifically provide for the transfer of the "account" to another employer except by operation of Section 288.110 RSMo 1959, V.A.M.S. Appellant concedes in argument that no other right to transfer exists.

■■■ Thus the amount in controversy is the present value of the relief sought as shown by the record. Moretti v. Gustafson, Mo., 433 S.W.2d 809, 810 (1968); Keener v. Berry, Mo., 432 S.W.2d 223, 224 (1968). The record must affirmatively show that this jurisdictional amount by way of the present value of the relief sought is sufficient to invoke the jurisdiction of this Court. Dunbar v. Board of Zoning Adjustment, Mo., 380 S.W.2d 442, 445 (1964); Keener v. Berry, Mo., 432 S.W.2d 223, 224 (1968).

■■■ Appellant's "account" was in fact in excess of $15,000, but no relief sought could result in the appellant's recovery amounting to more than $15,000, without

speculation outside the record as to the contributions of appellant in the future. We cannot resort to such surmise and conjecture. Cooper v. School District of Kansas City, 362 Mo. 49, 239 S.W.2d 509, 511 (1951). Nor can respondents' acquiescence in appellant's statement confer such jurisdiction. In Re Arnold's Estate, Mo., 174 S.W.2d 377 (1943); Juden v. Houck, Mo., 228 S.W.2d 668, 669 (1950).

■ The next ground of jurisdiction asserted is that the suit involves a political subdivision of the State of Missouri. The basis for this is the status of Bi-State as a body "corporate and politic." This rests upon the language of the Constitution, Article V, Section 3, Missouri Constitution 1945, V.A.M.S., which vests jurisdiction in this Court "* * * in all civil cases where the state or any county or other political subdivision of the state * * * is a party."

What appellant seeks to invoke is the rule applied in Harrison and Mercer County Drainage District v. Trail Creek Township, 317 Mo. 933, 297 S.W. 1 (1927), where the court retained jurisdiction on the ground that a township was such a "political subdivision." That opinion and the rule announced therein rest on the reasoning that to be such a "political subdivision" in juxaposition with the word "county," there must be such an exercise of governmental functions as would provide for a separate and distinct "governmental" unit. The opinion cites such facts as levy and collection of taxes, election of officers, and definition of their power and duties as being evidence of such a separate and distinct unit of government. Our reading of the section creating Bi-State, Section 70.370, RSMo 1959, V.A.M.S., shows no such incidents of an exercise of governmental functions as would bring Bi-State within the rule announced in the Trail Creek Township case cited above.

In the recent case of Conner v. Herd, Mo., 442 S.W.2d 501 (1969), the Court has reaffirmed the rationale of the early case cited and held that even a fire protection district having some of the incidents of government such as the power to levy and collect taxes, the right of eminent domain and creation by popular vote, as well as popular vote for election of directors, is not within the constitutionally prescribed jurisdiction of this Court.

■ Appellant's last claim of jurisdiction rests upon the statement that this case involves authority exercised under the laws of the United States. Both an act directly authorized by Federal law and the identity of the actor as an officer or agent of the United States, must coincide to confer jurisdiction here on that constitutional language. Neither appears in the facts of this case. Bi-State is not and cannot be an agent or officer of the United States nor could its *prospective* actions, postulated by appellant, to voluntarily submit itself in the future to the provisions of the Employment Security Law of Missouri be action under authority of the laws of the United States, if Bi-State were such an agent. Kansas City Terminal Railway Company v. Manion, Mo., 290 S.W.2d 63, 70 (1956).

Although not claimed by the parties as a ground for jurisdiction, the parties have briefed and argued the question of whether the determination of the Commission would be in effect a constitutionally prohibited impairment of contract. It affirmatively appears in evidence that the so-called "account" was not considered by the parties at the time the contract was drawn.

Appellant's contention, as set forth in its brief, is that it was entitled to assume under the language of Section 288.110, RSMo 1959, V.A.M.S., that Bi-State could not be a successor to Transit, because Bi-State was "not subject to liability under the act," and that therefore it had the right to assume that its "account" with the Division of Employment Security would remain to its credit. It therefore argues that the rulings below, that Bi-State was a successor within the meaning of Section 288.110, impaired the contract between Transit and

Bi-State. Appellant admits that Bucklin Coal Mining Company v. Unemployment Compensation Commission, 356 Mo. 313, 201 S.W.2d 463 (1947), rules that where one has been declared a successor under the provisions of Section 288.110, and assessed for previous delinquencies of the prior owner an impairment of contract in violation of the Constitution of the United States and this State, is not involved. Appellant seeks to distinguish the Bucklin Coal case, supra, on the grounds that the determination here that Bi-State can stand as a successor to appellant, was a new and uncontemplated development of the law, which appellant characterizes as "Legislative."

Appellant, in its brief and argument, as has been noted above, concedes that the parties never considered the effect of their contract upon the appellant's "account" and it was never listed as an asset of appellant in any of the exhibits offered in this record. The "transfer" of this "account" by the operation of Section 288.110, is not factually such an effect of the contract between Bi-State and County, as would entitle them to claim impairment of contract by reason of the operation of Section 288.110. It requires a strained construction of the language of appellant's contract, which excepted from the sale, "cash, cash items, working funds, special deposits, receivables and United States securities," to make a finding that such language included the "account" with the Missouri Employment Security Law. To rest the jurisdiction of this Court with respect to a constitutional question on such a strained construction of the facts and circumstances would be to broaden the scope of review in this Court beyond limits set by the decisions of this Court. What is involved here, is a construction of a contract, not the Constitution; and such construction, if once accomplished by the Court, will plainly rule the question, and once ruled, the constitutional provisions may be readily applied. No construction of the Constitution is involved. Donoho v. Missouri Pacific Ry. Company, Mo., 184 S.W. 1149 (1916); State v. Brookshire, Mo., 325 S.W.2d 497, 501 (1959); Community Fire Protection District v. Board of Education, Mo., 312 S.W.2d 75, 77 (1958); City of Joplin v. Village of Shoal Creek Drive, Mo.App., 434 S.W.2d 25 (1968). The most that can be said is that these facts require a construction of Section 288.110, RSMo 1959, V.A.M.S., and that the parties, by implication, contemplated that County's "account" would not be transferred under the terms and provisions of this contract. If both these hurdles of construction were accomplished, then the Court would be confronted with the necessity of deciding whether the *application* of the pertinent constitutional provisions constituted an impairment of contract. Such *application* does not require the construction of the constitutional provisions. And in such circumstances, it has long been the rule in Missouri that the application of constitutional provisions does not confer jurisdiction upon this Court. E. B. Jones Motor Company v. Industrial Commission, Mo., 298 S.W.2d 407, 411 (1957). But such jurisdiction arises only when a real and necessary issue in the case requires construction of the Constitution itself. Under this state of law and the facts, we cannot hold that appellant's claimed constitutional issue confers jurisdiction upon this Court. Nor is the Employment Security Act a revenue measure of the State of Missouri. Howell v. Division of Employment Security, 358 Mo. 459, 215 S.W.2d 467 (1948). E. B. Jones Motor Company v. Industrial Commission, Mo., 298 S.W.2d 407, 410 (1957).

There appearing no grounds for jurisdiction in this Court, the cause is transferred to the Kansas City Court of Appeals for further proceedings.

All of the Judges concur.