**Werner KUGLER and Gerda Kugler, et al., Respondents,**

v.

**John RYAN, Appellant.**

**No. 48311.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1984.

Application to Transfer Denied
Jan. 15, 1985.

Jerry J. Murphy, St. Louis, for appellant.

Frank Susman, St. Louis, for respondents.

**CRANDALL, Judge.**

Defendant, John Ryan, appeals from a judgment which permanently enjoins him from trespassing upon the plaintiffs' premises, known as The Doctors Building located at 100 North Euclid Avenue in the City of St. Louis. The injunction also prohibits the defendant from conducting other activities while on the premises.

Defendant appeals alleging five points of error: (1) there were no facts in the record to warrant issuance of an injunction; (2) the injunction improperly restricts the defendant's rights of free speech and of assembly; (3) the injunction is unconstitutionally vague and not capable of being enforced; (4) the court erred in returning the $100 bond to respondents and in failing to grant defendant attorneys' fees after a temporary restraining order was dissolved;

and (5) the petition did not state a claim upon which relief could be granted. Under the standard of review for a court-tried case as set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), we affirm.

Based upon stipulated evidence, being paragraphs one through seven of plaintiffs' petition, the trial court found the defendant had committed a series of willful and knowing trespasses, and that such activity was not protected by the state or federal constitutions. Thus, the evidence, in its entirety, is as follows:

1. Plaintiffs WERNER KUGLER and GERDA KUGLER, doing business as West Pine Partnerships, are the owners and Lessor of The Doctors Building, 100 North Euclid Avenue, St. Louis, Missouri 63108, and are residents of the County of St. Louis, Missouri.

2. Defendant resides in the County of St. Louis, Missouri.

3. At all times herein mentioned, Plaintiffs were and continue to be the rightful owners of the real property and its premises identified as The Doctors Building, 100 North Euclid Avenue, within the City of St. Louis, Missouri. Said premises consist of leased suits of offices with various medical and other offices, lobbies, and hallways for use by patients, clients and other business invitees of Plaintiffs and their lessees. Said premises also include, as part of the common area, an outside parking lot for the convenience of the building owners, lessees and business invitees of the owners and of their tenants. All of the building tenants rent their premises from Plaintiffs under leases for various terms of years, with each lease requiring Plaintiffs to maintain the common area, including the parking lot of the building for the peaceful and quiet enjoyment of all tenants.

4. On or about November 12, 1983, November 19, 1983, November 26, 1983, December 3, 1983, and December 10, 1983, Defendant entered upon the premises of Plaintiffs, without invitation and not in the capacity of a business guest or invitee of either Plaintiffs or any of their lessees.

5. On each occasion, Defendant's purpose for being on the premises was to converse with and distribute literature to persons who may be seeking abortions on the premises, for the purpose of dissuading such persons from obtaining abortions.

6. Defendant's conduct was contrary to the expressed desires of Plaintiffs and Defendant refused to leave the premises on each occasion, although requested to do so by Plaintiffs' agents.

7. On each occasion, Defendant's removal was effected only through his arrest by the police.

Defendant first argues that there were no facts in the record to warrant issuance of an injunction. He claims plaintiffs failed to prove the threat of immediate and irreparable injury or damage to plaintiffs and claims plaintiffs have not shown that they have no adequate remedy at law.

■ While the threat of irreparable harm and lack of an adequate remedy at law must usually be specifically shown for injunctive relief to be granted, *Smith v. Western Electric Co.*, 643 S.W.2d 10, 13 (Mo.App.1982), "[w]here a trespass is recurring and would involve a multiplicity of suits an injunction will lie to restrain it." *Reproductive Health Services, Inc. v. Lee*, 660 S.W.2d 330, 335 (Mo.App.1983). The court in *Reproductive Health Services* did not specifically discuss the defendant's contention that no irreparable harm or inadequacy of remedy at law had been established but followed the rule quoted above.

We find that in the case of a repeated or continuous trespass there are two different theories regarding the requirement of irreparable harm. One theory is that irreparable harm need not be shown. This theory was adopted in *Turner v. Stewart*, 78 Mo. 480, 481–482 (1983), where the Missouri Supreme Court stated: "It is not necessary that the defendant should be insolvent or the wrong irreparable to sustain the right to equitable relief against trespasses." The court noted that because of the

need for a multiplicity of suits in the case of a repeated trespass, there was no adequate remedy at law. *See also Bryant v. West*, 219 S.W. 355 (Mo.1919), *citing Turner*. In *Union Electric Land & Development Co. v. De Graffenreid*, 229 Mo.App. 622, 624, 78 S.W.2d 571, 572 (1934), the court held: "Nor can it be questioned that the remedy by writ of injunction exists to prevent repeated trespasses on land, provided irreparable injury is caused thereby, *or* when an adequate remedy cannot be afforded by an action at law." (Emphasis added.) A more recent decision held that even where the injury from each trespass is or would be trifling, the plaintiff can proceed by way of an injunction in the first instance. *Cacioppo v. Southwestern Bell Telephone Co.*, 550 S.W.2d 919, 925 (Mo. App.1977). "The principle is also rather uniformly accepted that injunction is a proper remedy for an interference with a right of way whenever the injury complained of is irreparable, the interference is of a permanent and continuous nature, *or* the remedy at law by an action for damages will not afford adequate relief." (Emphasis added). *Winslow v. Sauerwein*, 285 S.W.2d 21, 25 (Mo.App.1955).[1]

It appears the Missouri cases adopt the theory that irreparable harm need not be shown in the case of a repeated or continuing trespass. Regardless of the theory, it is clear that an injunction is a proper remedy.

■■ Defendant also claims plaintiff failed to show lack of an adequate remedy at law. When a trespass is repeated and would require a multiplicity of suits to redress, as was the case here, damages are not an adequate remedy. *State ex rel. Taylor v. Anderson, et al.*, 362 Mo. 513, 242 S.W.2d 66, 72 (1951), *citing Turner*, 78 Mo. 480. *See also* 43 C.J.S. Injunctions § 29, at 824 (1978). The defendant entered upon plaintiffs' premises five times, once a week for five weeks and was there against the wishes of the plaintiffs. Plaintiffs called the police to arrest the defendant each time. Plaintiffs had the right to seek an injunction to prevent future trespasses.[2]

■■ We also find that the court properly found that these trespasses would continue in the future. "When injunctive relief is sought to restrain future threatened action, the threatened action must be based on a real apprehension, and acts for which an injunction is sought must be such as are not only threatened, but will in all probability be committed." *May Department Stores Co. v. County of St. Louis*, 607 S.W.2d 857, 870 (Mo.App.1980). Although there is no direct evidence of a threat of future trespasses,[3] we find that the trial court could reasonably infer that they would occur given the frequency and pattern of defendant's entry upon plaintiffs' property.

---

**1.** Supporting the theory that irreparable harm need not be shown in the case of a continuing or repeated trespass are the following cases: *Pliske v. Tuskis*, 83 Ill.App.3d 89, 38 Ill.Dec. 479, 403 N.E.2d 710 (1980); *Daughtrey v. C and D Sportswear Corp.*, 239 Ga. 482, 238 S.E.2d 37 (1977); *Conrad v. Jones*, 31 N.C.App. 75, 228 S.E.2d 618 (1976); *Seventeen, Inc. v. Pilot Life Insurance Co.*, 215 Va. 74, 205 S.E.2d 648 (1974). *See also* 43A C.J.S. Injunctions § 60, at 54 (1978).

Another theory in the case of a continuing or repeated trespass is that the requirement of irreparable harm is met by the fact a multiplicity of suits would be necessary. *Critney v. Goodyear Tire and Rubber Co.*, 353 So.2d 341 (La.Ct. App.1977); *Gregory v. Sanders*, 635 P.2d 795 (Wyo.1981). *See also* 43A C.J.S. Injunctions § 74, at 78 (1978).

**2.** Defendant cites to *Crenshaw v. Cook*, 65 Mo. App. 64 (1896) for the proposition that the right

to equitable relief on the ground of preventing a multiplicity of suits does not arise where repeated trespasses are committed by the same person. We do not find this rule stated in later cases which discuss injunctions to prevent a multiplicity of suits. *Reproductive Health Services, Inc. v. Lee*, 660 S.W.2d 330 (Mo.App.1983); *St. Louis Smelting & Refining Co. v. Hoban*, 357 Mo. 436, 209 S.W.2d 119 (1948); *Schroeder v. Ziegelman*, 443 S.W.2d 16 (Mo.App.1969).

**3.** Plaintiffs' petition does include an allegation that defendant's past conduct shows a clear intention to repeat the trespasses, but this allegation was not part of the stipulated evidence. The legal file includes an affidavit from the defendant stating his intention to continue these trespasses; however, that affidavit was never entered into evidence.

■ Defendant's next contention is based on a free speech argument. U.S. Const.Amend. I; Mo. Const. Art. I, § 8. He claims his rights of free speech and assembly override the plaintiffs' property rights. The evidence shows that the defendant was on the premises against the wishes of the plaintiffs. The evidence also shows that his *"purpose* for being on the premises was to converse with and distribute literature to persons who may be seeking abortions on the premises, for the purpose of dissuading such persons from obtaining abortions."* (Emphasis added.) There is no evidence in the record that the defendant ever attempted to effectuate his purpose. His purpose is therefore immaterial. Consequently, the only conduct before us now is the acts of trespass by the defendant.

■ Assuming, arguendo, that the question of free speech is properly before this court, the *first amendment* does not give the defendant a right to trespass on private property. *Hudgens v. National Labor Relations Board,* 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976); *Lloyd Corporation v. Tanner,* 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131 (1972). The case of *Pruneyard Shopping Center v. Robins,* 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980) cited by the parties, cannot be used as support for defendant's position. The court in *Pruneyard* based its holding that individuals had a free speech right which overrode the property right of the owner of a shopping center, on the fact that the California Supreme Court had found this right in its state constitution. There is no similar interpretation by the Missouri Supreme Court cited to us. *See also State v. Levering,* 661 S.W.2d 792, 793–794 n. 3 (Mo.App.1983). Defendant's argument that because the message related to the premises, he has rights superior to the property owner, is refuted by *Hudgens v. National Labor Relations Board,* 424 U.S. 507, 96 S.Ct. 1029.

■ Defendant's third point claims the injunction is unconstitutionally vague and not capable of being enforced. The injunc-

tion bars the defendant from "engaging in any activities which constitute coming upon or a trespass upon Plaintiffs' premises," and from "barricading, blockading, or interfering with ingress to, egress from or movement within" the premises. This language is clear. The injunction includes additional language barring defendant from other activities while on the premises. This is mere surplusage. If the defendant cannot go on the premises at all, then he cannot conduct any activities on the premises. Defendant's third point is denied.

■ In his fourth point, defendant claims the court erred in allowing plaintiffs to recover their $100 cash bond and in refusing to grant defendant attorneys' fees. This claim stems from the ruling by this court dissolving a temporary restraining order issued by the trial court. Defendant's claim is without merit and the trial court's denial of defendant's motion on this point is affirmed pursuant to Rule 84.16(b).

Defendant's fifth point is that the plaintiffs' petition failed to state a claim because it did not allege immediate irreparable injury or any injury at all, or that there was no adequate remedy at law. Because we have found sufficient evidence to support the issuance of the injunction, and since the evidence is solely taken from plaintiffs' petition, there is no need to discuss this point separately from defendant's first point.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.