Wayne **MORTON** and Joyce Morton, Plaintiffs–Appellants,

v.

John C. **CRIDER**, et al., Defendants–Respondents.

No. 25218.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 19, 2004.

---

Alan Kimbrell, Chesterfield, for appellants.

David G. Neal, Neal Law Firm, Eminence, for respondents.

JOHN E. PARRISH, Judge.

Wayne Morton and Joyce Morton (appellants) appeal parts of a judgment concerning the declaration that a certain 15–foot–wide strip of land that crosses their property is a "county road." The parts of the judgment they appeal are a summary judgment granted respondents on appellants' claim for trespass (Count III) and denial of a request for injunctive relief to prevent continued trespasses (Count IV).[1] This court reverses in part and remands with directions.

Appellants own a 120–acre tract of land in Shannon County, Missouri. The farm was referred to throughout the trial as "Big Creek Farm." Appellants acquired Big Creek Farm from Wayne Bryant and Kathryn Bryant. Big Creek traverses Big Creek Farm on its north side. Big Creek Farm is bordered on its east side by county road 385. A cemetery, Street Cemetery, is located on the farm property near its northeast corner. Robert Howell and Donna Howell (referred to collectively as respondents Howell) own farms east and west of Big Creek Farm.

Respondents Howell leased part of their property to Michael Vaughn and Sharon Vaughn (collectively referred to as respondents Vaughn) and Vaughn Construction & Redi–Mix, Inc., (Vaughn Construction). The lease agreement permitted Vaughn Construction to operate a gravel washing plant on the leased premises. It also allowed Vaughn Construction access to all gravel and sand on the property by establishing roads along the bank of Big Creek.

Beginning in April or May 1994, Michael Vaughn and Robert Howell improved an old roadway that ran along Big Creek so that respondents Vaughn and Vaughn Construction could haul gravel from the plant on the leased premises. The improvements included removal of limestone boulders, filling potholes, and blading and graveling the roadway. Robert Howell testified that the roadway was rerouted on his property to go around a bluff "and just maybe 15 foot over to the side around [an] old gated rock."

At the conclusion of the evidence presented in February 2000, appellants suggested that "the evidence fail[ed] to show any specific description of the roadway"; that it would be difficult for the court to enter an order regarding the status of the road absent a description of exactly where the road was situate. The trial court took the part of the case directed to whether the road was public or private under advisement to permit "proposed findings of

---

1. The petition on which this case was tried had six counts. Additionally, there were various counterclaims and crossclaims. The only claims that are the subject of appeal are Counts III and IV of the petition.

fact and conclusions of law to be filed by counsel." Respondents Howell advised the trial court that they "want[ed] the record to be left opened [sic] for submission of additional surveys." The trial court granted the request "by agreement of all other attorneys."

The trial court reconvened August 13, 2001—the earlier trial had been completed in February 2000. The attorney for appellants advised the trial court that "Mr. Carmack who is the surveyor who prepared the surveys that the Court requested" was present. Appellants requested that the surveyor identify the method by which he prepared surveys that had been submitted to the trial court.

The trial court agreed to appellants' request. Respondents Howell's attorney told the trial court that after the conclusion of the evidence related to the part of the case that had been heard, they made arrangements to get a legal description for the roadway and for an area around the cemetery mentioned in evidence. The case was then reopened to permit respondents Howell to submit evidence regarding the legal descriptions applicable to the issues in the case. Respondents Howell called land surveyor Louie Carmack, Jr., as a witness. Mr. Carmack's testimony included information regarding a description he prepared of the road in question.

Mr. Carmack was shown an exhibit, Defendant's Exhibit BBB, which he identified as a legal description of the road he had prepared at the request of respondents Howell's attorney. Mr. Carmack said what he had been instructed to do and what he did was write "a legal description for the road 15 foot wide." He told the trial court that he had "located the road in 1995." Mr. Carmack explained, "We didn't go back and relocate the road in 2000. Now the road may have—may have changed a little bit there. I don't know whether it's widened out some, or—or what may have happened."

During cross-examination on behalf of appellants, Mr. Carmack was shown a survey, Plaintiff's Exhibit No. 2, that was the survey he prepared in 1995. He was asked the following questions and gave the following answers.

Q. If you will look at your description of the road, that road is shown on that exhibit in yellow marker, right?

A. Yes, it is.

Q. Will you look at the description and tell me what your survey showed as far as the width of the road in 1995?

A. I showed it being 16 to 28 foot wide.

Q. And your description that you have in BBB is 15 foot wide, right?

A. Right, that was—that was the width I was requested to make it.

Q. I understand. And at the point where this road in your original survey was 28 foot wide, how did you decide which 15 foot to include?

A. Well, it—it'll be the—it'll be the center 15 foot of the 28 foot.

The trial court entered judgment disposing of all claims September 16, 2002. Prior thereto, on April 16, 2002, the trial court determined "claims and issues in equity" including the status of the road that crossed Big Creek Farm. The judgment rendered September 6, 2002, ratified and confirmed the April 16, 2002, judgment and incorporated it as part of the judgment entered that date.

Summary judgments were entered for respondents Howell, respondents Vaughn and Vaughn Construction on appellants' claim in Count III. Judgment was rendered for all defendants on Count IV of the petition. Appellants' Count III sought damages for trespass for various acts, in-

cluding continuing to drive large trucks loaded with sand and gravel over the road traversing appellants' property. Count III also alleged, without reference to the date of any alleged occurrence, that respondents Howell, respondents Vaughn, and Vaughn Construction "cut down, injured, destroyed or carried away timber from [appellants'] property." Appellants' Count IV alleged respondents Howell, respondents Vaughn, Vaughn Construction, and Shannon County, Missouri, continued to trespass on appellants' property in the manner stated in appellants' Count III.

Appellants assert three points on appeal. Point I contends the trial court erred by denying appellants' request for an injunction in Count IV or by refusing a jury trial for damages for trespass on Count III of the petition because the evidence was that the road that had been constructed, maintained, and used "occupies nearly twice as much of [appellants'] property as the public road." Point I asserts the construction, maintenance, and use of the road exceeded the right of public use the trial court upheld.

Point II is duplicative of Point I in that it likewise asserts error in denying the injunction sought by Count IV because the evidence adduced was that the roadway constructed, maintained, and used occupied "nearly twice as much of [appellants'] property as the public road which the [trial] court ... decreed to have been in existence at the time such roadway was constructed" and which was held to be a public road.

Point III reiterates claims in Points I and II that the roadway as used exceeded the area the trial court declared to be a public road. Point III contends the trial court erred in denying appellants a jury trial on their trespass action set forth in Count III and in granting summary judgment in favor of respondents on Count III.

■ The points on appeal are not models of clarity or exactness. As this court discerns the issues to which they are directed, appellants' sole complaint is that the respondents widened a roadway beyond its 15–foot width and maintained and used the ·widened area; that respondents have, therefore, trespassed on appellants' land. They sought damages for those trespasses and injunctive relief from a continuation of such trespasses.

■ The issue of whether a 15–foot roadway across appellants' property is a public road was not appealed. The only issues presented are directed to the use of appellants' property outside of the area the trial court declared to be a public road. Respondents, as members of the public, are permitted to use the public easement area. "Entering land with consent or license and exceeding the scope of that consent or license constitute a trespass." *Smith v. Woodard,* 15 S.W.3d 768, 773 (Mo.App.2000). There is a material question of fact presented regarding whether respondents, or any of them, used land outside the 15–foot easement area. The trial court, therefore, erred in granting summary judgment on Count III.

■ Appellants' claim that the trial court erred in denying injunctive relief requested by their Count IV is denied in that relief sought would have conflicted with the determination that there is a 15–foot wide public roadway across appellants' property.

The part of the judgment granting judgment for respondents on Count III is reversed and the case is remanded for fur-

ther proceeding on Count III.[2] In all other respects the judgment is affirmed.

SHRUM, J., and RAHMEYER, C.J., concur.

---

**2.** In addition to addressing the claim presented by Count III, should a request to amend pleadings be made to seek injunctive relief consistent with this opinion, the trial court, in its discretion, would have authority to allow such an amendment. *See M & H Enterprises v. Tri–State Delta Chemicals, Inc.,* 35 S.W.3d 899, 905 (Mo.App.2001); *Davis v. J.C. Nichols Co.,* 761 S.W.2d 735, 742 n. 6 (Mo.App.1988). This court's decision should not be interpreted as precluding injunctive relief upon re-mand. Appellants may be entitled to such relief if they plead (by amendment) and prove that respondents are trespassing on appellants' property by utilizing the road beyond its 15–foot boundaries and continue to do so with such frequency that recovering damages for trespass is not an adequate remedy. *See Reproductive Health Services v. Lee,* 712 S.W.2d 718, 720 (Mo.App.1986); *Kugler v. Ryan,* 682 S.W.2d 47, 49–50 (Mo.App.1984).