Laura BAUM, Plaintiff-Respondent,

v.

GLEN PARK PROPERTIES,
Defendant-Appellant.

No. 45997.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 27, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 15, 1983.

Richard E. Coughlin, Chesterfield, for defendant-appellant.

Louis Jerry Weber, Hillsboro, for plaintiff-respondent.

SNYDER, Presiding Judge.

This is a court-tried case in which plaintiff-respondent Laura Baum sought an injunction restraining defendant-appellant Glen Park Properties from maintaining or erecting signs, installing curbs or planting trees on a roadway easement held by Baum. The Circuit Court of Jefferson County granted the injunction. The defendants appeal. The judgment is reversed and remanded.

Respondent Laura Baum was the owner of a 25.83 acre tract of land adjacent to Highway 30 in Jefferson County. A portion of that property was condemned in 1970 by the State of Missouri, through the State Highway Commission, for use in modification of the highway.

In 1979 Baum sold 4.1 acres of the tract to the appellant Glen Park Properties, a partnership. The deed provided that conveyance of the tract was "subject to an easement for road purposes over a strip of land forty (40) feet wide lying northwest and adjacent to the following described line. . . . " The easement provided the only access to the property held by respondent after the highway condemnation and the sale to Glen Park Properties.

The land sold by respondent to appellant is the site of "A Storage Inn," a mini-warehouse operation. In 1980, appellant erected a sign, installed curbing and planted trees and sod on the easement area. The sign is a large rectangular one mounted on two poles at a height above the rooftop of a one-story building. The respondent testified the sign, curbing and trees interfered with her easement and prevented access to her land. A road consisting of a gravel lane with two ruts, one for each tire, was formerly used by respondent, but the road was covered by the sod laid by appellant.

Baum brought suit against Glen Park Properties to prohibit maintenance or construction of the alleged obstructions. The partners in the firm, J. David Cassilly and Joseph L. Mason were not named as defend-

ants in the suit. The petition designated as defendant, "Glen Park Properties, a Missouri General Partnership, Serve: J. David Cassilly and/or Joseph L. Mason, partners, 15510 Olive Blvd., Chesterfield, St. Louis County, Missouri." Although summonses were issued in the names of J. David Cassilly and Joseph L. Mason, service was had by delivery to John Papin, "Assistant Vice-President" of Glen Park Properties. The judgment recited that Glen Park Properties, a Missouri General Partnership, John David Cassilly and Joseph L. Mason, partners, were defendants. The appeal was filed by "Glen Park Properties (John David Cassilly and Joseph L. Mason, per court order)".

The trial court found that the signs, curbing and trees deprived respondent of the lawful use of the road easement, ordered their removal and restrained appellant from placing anything anywhere in the road easement.

Appellant Glen Park Properties raises two points on appeal. First, the appellant claims the trial court's judgment was void because it was sued in the partnership name rather than in the names of the individual partners. Second, the appellant contends that the injunction issued by the trial court was impermissibly broad.

■ In Missouri, a partnership cannot be sued in the firm name. Instead, the action must be brought against the individual partners. Absent service upon or entry of appearance by individual members of the partnership, there is no legal entity before the court against which a lawful judgment may be rendered. *Davidson v. Farr,* 273 S.W.2d 500, 502–503 (Mo.App.1954). In *Davidson,* the court found that a suit in the partnership name constituted a fatal defect not waived by a failure to object.

Proper service was not obtained upon the individual members of the Glen Park Properties partnership. Rule 54.13(a)(1) specifically provides that service upon individuals shall be made by leaving a copy of the petition and summons at the individuals dwelling house or usual place of abode, or by delivering them to an agent authorized by appointment or required by law to receive service of process. Here, the sheriff's return shows service was made upon Glen Park Properties, John Papin, assistant vice-president, not the individual partners.

■ There is some question whether the defenses of lack of personal jurisdiction or insufficiency of service of process are still non-waivable defenses in such cases. Although the appellant contends that failure to name individual partners in the suit gives rise to a defense of failure to state a claim upon which relief can be granted, such characterization is inappropriate. In *Davidson v. Farr, supra,* it was held that a judgment against the partnership was void because there was no entity before the court against which lawful judgment could be rendered. This implies that the judgment was void for lack of personal jurisdiction over the individual partners, not for failure to state a claim upon which relief is granted.

Under Rule 55.27, failure to object to lack of personal jurisdiction or insufficiency of service of process before or at trial waives that defense upon appeal. Adopted in 1973, that rule modifies the holding in *Davidson v. Farr, supra.* Rule 41.02.

In this case, the petition specifically named J. David Cassilly and Joseph L. Mason as the partners in Glen Park Properties. Relief was sought from both the partnership and the individual partners. There is no contention that the partners were unaware of the action.

The partnership's attorney appeared before the court and on behalf of the partnership. J. David Cassilly answered interrogatories, but failed to raise either defense. No objection to service of process or personal jurisdiction was made in the answer that was filed. The first time any such defense was raised was in an after-trial motion. Thus, appellant cannot now complain. *Wicecarver v. Mercantile Town Mutual Ins. Co.,* 137 Mo.App. 247, 117 S.W. 698, 700 (1909).

There may be some question about the presence in court of partner Joseph L. Mason. His name does not appear in any responsive pleading and he was not personally served, but the answer and participation in the trial by the partnership attorney and the filing of answers to interrogatories by partner J. David Cassilly strongly implies notice to Mason, knowledge of the suit, and waiver of the defense of insufficiency of service of process under Rule 55.-27(g). This court holds that under these facts the defense was waived.

Appellant cites *Allgeier, Martin and Associates v. Ashmore,* 508 S.W.2d 524 (Mo. App.1974) in support of its claim that the judgment is void. In that case, the court held that absent statutory authority, a partnership cannot sue in the firm name and a judgment rendered for a partnership so suing will be reversed on appeal. Although *Allgeier* was decided by the appellate court in 1974, the facts giving rise to that case took place before Rule 55.27 was adopted. In addition, the partnership was the plaintiff and there was no issue raised concerning the waiver of the defense of lack of personal jurisdiction. *Allgeier* does not help appellant.

Appellant also contends that the injunction issued by the trial court prohibiting the maintenance or erection of signs, the installation of curbs, or the planting of trees on the property covered by easement, was impermissibly broad. This court agrees.

A party holding an easement with a right to use the land for a particular stated purpose does not hold title to the property affected by that easement. *Smith v. Santerelli,* 355 Mo. 1047, 199 S.W.2d 411 (1947). The owner of the land may use his property in any manner not inconsistent with the easement granted. *Kiwala v. Biermann,* 555 S.W.2d 663 (Mo.App.1977). An owner of property subject to an easement of ingress and egress may erect structures on the premises or beneath the surface which do not interfere with the enjoyment of the easement. *Reutner v. Vouga,* 367 S.W.2d 34, 42 (Mo.App.1963).

In other words, the owner of the land retains the right of full dominion and use of the land affected by the easement "except so far as a limitation thereof is essential to the reasonable enjoyment of the dominant estate ... that right, being of such an extent, includes the right to fence the strip and to cross it when and where he may please to do so, observing the limitation stated." *Stotzenberger v. Perkins,* 332 Mo. 391, 58 S.W.2d 983, 987 (1933). Thus, where a party had been granted an easement 30 feet wide by a trial court and a 15 foot width was sufficient for reasonable use, on appeal the easement was limited to the 15 foot width. *DiPasco v. Prosser,* 364 Mo. 1193, 274 S.W.2d 279, 284 (1954).

The easement in this case consists of a forty (40) foot wide strip of land across appellant's property. A gravel lane over that easement formerly served as respondent's only access to her farm. But that lane, no wider than the width of a vehicle, covered only a small part of the width of the easement.

Respondent's position was, however, not that the sign, or curbing and trees erected by the appellant prevented access to her land, but that any obstruction erected anywhere on the forty foot easement was unlawful. In her trial testimony respondent seemed to say she owned what amounted to a fee simple interest in the easement tract. That position is erroneous.

Appellant was entitled to erect any structure on the easement as long as that structure did not interfere with the reasonable use by respondent for purposes of ingress and egress to and from her land. *See Amitin v. Izard,* 252 S.W.2d 635, 640 (Mo.App. 1952); *Reutner v. Vouga, supra.* There was no evidence that the items erected on the easement by appellant blocked total access to respondent's farm, only that it interfered with that portion of the easement respondent chose to use. Respondent has the right to use any part of the easement tract she chooses for roadway purposes, but subject to her reasonable use, appellant may also use the land.

There was evidence that respondent wanted to use the easement to allow ingress

and egress for farm equipment. This would require a greater width than the gravel lane respondent testified she formerly used. She is entitled to the greater width.

But in prohibiting the erection of any structure on the forty-foot easement, the injunction was too broad. Upon remand, the trial court should determine a reasonable width sufficient for road purposes for motor vehicles and farm equipment. Respondent may then determine where the roadway shall be located on the easement, subject to the approval of the trial court. If she fails to specify a location for the roadway, the trial court shall determine the location. Appellant may then use the land in any manner which does not interfere with respondent's enjoyment and use of the designated roadway.

The judgment is reversed and remanded for further action by the trial court consistent with this opinion.

DOWD, C.J., and GAERTNER, J., concur.