601 F.Supp. 262 (1984)
The SOUTHGATE BANK, Plaintiff,
v.
PUBLIC WATER SUPPLY DISTRICT NO. 7 OF JEFFERSON COUNTY, MISSOURI, et al., Defendants.
No. 84-0406C(3).
United States District Court, E.D. Missouri, E.D.
September 12, 1984.
*263 J. William Newbold, Coburn Croft & Putzell, St. Louis, Mo., Charles E. Hoffhaus, Dennis L. Davis, Matthew R. Hale, Hillix Brewer Hoffhaus & Whitaker, Kansas City, Mo., for plaintiff.
Michael David Hart, Peper Martin Jensen Maichel & Hetlage, St. Louis, Mo., Stefan J. Glynias, Thomas K. Lammert, Evans & Dixon, St. Louis, Mo., Robert S. Allen, Ira M. Berkowitz, St. Louis, Mo., Terrance J. Good, Lashly Caruthers Baer & Hamel, St. Louis, Mo., W. Stanley Walch, Robert H. Brownlee, Thompson & Mitchell, St. Louis, Mo., for defendants.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on five separate motions to dismiss. The Court heard oral argument on these motions on August 9, 1984.
Plaintiff sues as the purchaser of $170,000 worth of municipal bonds issued by Public Water Supply District No. 7 (hereafter PWSD) in 1972. Plaintiff alleges, and defendants do not deny, that semi-annual payments of interest were made on account of the bonds until September 1, 1980, after which payments ceased. The firm of Stinson, Mag & Fizzell (hereafter Stinson Mag) served as bond counsel; Gregory O'Shea was the PWSD attorney; and the firm of Rothaus, Bartels, Early & Co. (hereafter RBE) served as outside auditor and accountant to PWSD. Plaintiff charges various of the defendants with violation of the Racketeer Influenced and Corrupt Organizations Act (hereafter RICO), 18 U.S.C. § 1961, et seq. (Count I); fraud (Count II); civil conspiracy (Count III); conspiracy to violate RICO (Count IV); negligence by RBE (Count V); negligence by Stinson Mag (Count VI); and breach of covenant by the individual board members of PWSD (Count VII).
As to plaintiff's RICO counts, the Court will sustain defendants' motions to dismiss for the reason that none of the named defendants have been criminally convicted of any of the predicate acts listed in RICO.[1] The "pattern of racketeering activity" alleged by plaintiff consists of fraudulent misrepresentations and fraud. However, none of these defendants are alleged to have been convicted of any predicate acts of mail fraud.
In a recent and well-reasoned decision, the Second Circuit has determined that *264 criminal conviction of a predicate act must precede a private civil suit under RICO. Sedima, S.P.R.L. v. Imrex Co., 741 F.2d 482 (2d Cir.1984). In Sedima, the distinguished Second Circuit examined the statute itself, its legislative history, and previous case law; all of which, it concluded, suggest the necessity of restricting the availability of RICO's civil penalties to those persons whose potential defendant(s) have been found criminally guilty of committing a predicate act. Otherwise, RICO would "permit defendants in every `gardenvariety' fraud or securities violation case to be stigmatized as `racketeers,' on the basis of a preponderance of the evidence ...." Id., at 504.
In so restricting RICO, the Court examined the purpose behind RICO's enactment. This Court finds such an examination helpful, and notes particularly the remarks of Congressman Sisk in asking for RICO's consideration:
The purpose of S.30 is to seek the eradication of organized crime in the United States by strengthening the legal tools in the evidence-gathering process, by establishing new penal prohibitions, and by providing new remedies to deal with unlawful activities of those engaged in organized crime.
116 Cong.Rec. 35191 (1970).
An additional reason for dismissing plaintiff's RICO claims against all RBE and Stinson Mag defendants is that the complaint does not sufficiently allege "the requisite degree of participation in or conduct of the affairs of an enterprise on the part of each named defendant." Bennett v. Berg, 710 F.2d 1361, 1364 (8th Cir.1983) (emphasis in original). These defendants rendered their professional services to PWSD but were not involved in managing any of the enterprises alleged by plaintiff. As noted in Bennett, id.,
Mere participation in the predicate offenses listed in RICO, even in conjunction with a RICO enterprise, may be insufficient to support a RICO cause of action. A defendant's participation must be in the conduct of the affairs of a RICO enterprise, which ordinarily will require some participation in the operation or management of the enterprise itself.
The Court next addresses Count II, which charges the defendants named therein with fraud, and finds that the count must be dismissed except as to the RBE defendants. Plaintiff has failed to comply with the requirement that circumstances of fraud be alleged with particularity. Fed.R. Civ.P. 9(b).
In Securities and Exchange Commission v. Tiffany Industries, Inc., 535 F.Supp. 1160, 1166 (E.D.Mo.1982), the Honorable John F. Nangle addressed the requirements of Rule 9(b):
The reference to "circumstances" is to matters such as the time, place, and contents of the false representations. It is the pleading of these matters that apprise the defendant of the claim against him and the acts relied upon as constituting the fraud alleged.
Here, plaintiff has specified the time, place, and contents of false representations only by RBE and its agent, Payne. Plaintiff has failed to make specific allegations as to the other defendants, but instead refers to undifferentiated actions by "defendants."
Count III, which charges civil fraud, will not be dismissed. The Court rejects argument by defendants that the overt acts alleged must have been performed by a defendant rather than an unnamed co-conspirator. Nor does the Court find there to be lack of diversity as to this count. Defendant Payne, defendant O'Shea, the RBE defendants, and the PWSD defendants argue that diversity is defeated by the fact that an unnamed Stinson Mag partner is a citizen of the same state as is plaintiff. No one, however, has offered support for dismissal based on failure to name an indispensible party, nor has defendant Stinson Mag claimed lack of jurisdiction. See Baum v. Glen Park Properties, 660 S.W.2d 723, 725-26 (Mo.App.1983). *265 At this point, jurisdiction based on diversity of citizenship appears appropriate.

ORDER
A memorandum dated this day is hereby incorporated into and made a part of this order.
IT IS HEREBY ORDERED that defendant O'Shea's motion to dismiss be and the same is granted as to Counts I, II, and IV, and denied as to the remainder.
IT IS HEREBY FURTHER ORDERED that defendant Payne's motion to dismiss be and the same is granted as to Counts I and IV, and denied as to the remainder.
IT IS HEREBY FURTHER ORDERED that the motion to dismiss filed by defendants Rothaus, Bartels, Early, Watkins, Janssen, and Begley, d/b/a Rothaus, Bartels, Early & Co., be and the same is granted as to Counts I and IV, and denied as to the remainder.
IT IS HEREBY FURTHER ORDERED that the motion to dismiss filed by defendant Public Water Supply District No. 7 and its individually named officers and directors be and the same is granted as to Counts I, II, and IV, and denied as to the remainder.
IT IS HEREBY FURTHER ORDERED that the motion to dismiss filed by defendants Stinson, Mag & Fizzell, Fizzell, Starnes, Petrie, and O'Flaherty be and the same is granted as to Counts I, II, and IV, and denied as to the remainder.
NOTES
[1] The determination whether a prior criminal conviction is a prerequisite to a civil RICO recovery was left open in the recent case of Alexander Grant and Company v. Tiffany Industries, Inc., 742 F.2d 408 (8th Cir.1984).