Michael F. McCARTHY, et
al., Plaintiffs,

v.

PACIFIC LOAN, INC., et al.,
Defendants.

PACIFIC LOAN, INC., et al.,
Counterclaim Plaintiffs,

v.

Michael F. McCARTHY, et al.,
Counterclaim Defendants.

Civ. No. 82–0292.

United States District Court,
D. Hawaii.

Dec. 31, 1984.

Hoddick, Reinwald, O'Connor & Marrack, Dennis E.W. O'Connor, Honolulu, Hawaii, for Michael F. McCarthy.

Wayne M. Pitluck, Robert F. Miller, Richard J. Archer, Honolulu, Hawaii, for Pacific Loan, Inc.

Blake T. Okimoto, Honolulu, Hawaii, for Nathan H. Suzuki.

Boyce R. Brown and Mary Blaine Durant, Honolulu, Hawaii, for Norfolk Investment Co. and Bernhardt.

Jerris & Raffetto, Laurie Y. Clement, Honolulu, Hawaii, for Thrift Guaranty Corp.

Paul Mullin Ganley, Honolulu, Hawaii, for Thrift Guaranty Corp. of Hawaii.

DECISION AND ORDER

PENCE, District Judge.

I. FACTS

In response to a 42 U.S.C. Section 1983 claim filed by counterclaim defendants Michael F. McCarthy ("McCarthy") and American Resources, Limited, Inc. ("ARL"), Pacific Loan Inc. ("Pacific Loan") and Thrift Guaranty Corporation of Hawaii ("Thrift Guaranty") answered and counterclaimed against McCarthy and the other counterclaim defendants, charging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. sections 1961–68 ("Count I"); the Securities Exchange Act, 15 U.S.C. section 78j and 17

C.F.R. section 240–10b–5, and the state securities law, section 485–25, Hawaii Revised Statutes ("Count II"); and various state and common law fraud claims ("Count III").

The counterclaim arises out of a series of loans and advances which Pacific Loan made to the individual and corporate counterclaim defendants between 1978 and 1980. Pacific Loan alleges that the counterclaim defendants engaged in wire and mail fraud in the misappropriation and conversion of Pacific Loan funds. The loans involved were the subject of a set of workout agreements dated March 25, 1981. On June 22, 1981, the state bank examiner, through Thrift Guaranty, effected a transfer of all the common stock of Pacific Loan from one of the counterclaim defendants, Daniel R. Matsukage, the former president and at that time the majority shareholder of Pacific Loan, to Thrift Guaranty.

On October 21, 1981, Pacific Loan sued the individual and corporate counterclaim defendants in state court to recover the outstanding balances of the loans. *Pacific Loan, Inc. v. Bernhardt*, Civil No. 67851 (First Cir.Ct., Hawaii). After investigating the loans, the State Attorney General returned a criminal indictment on March 23, 1984 against counterclaim defendants Matsukage, Curtis Bernhardt, Carl Bernhardt, McCarthy, and Harold Okahara. *State of Hawaii v. Matsukage*, Criminal No. 60149 (First Cir.Ct., Hawaii).

In August, 1984, McCarthy moved this court for an order dismissing Count I of the counterclaim, the civil RICO claim, on the ground that the counterclaim plaintiffs had not pleaded or established that the civil RICO defendants had injured Pacific Loan or Thrift Guaranty in their business or property by violating section 1962. 18 U.S.C. section 1964(c). Based upon a review of the legislative history and purpose of the RICO statute and the decisional law, counterclaim defendant McCarthy's motion to dismiss Count I ("Civil RICO") of the counterclaim is granted.

## II. APPLICABLE LAW

Title IX of the Organized Crime Control Act of 1970, Pub.Law 91–452, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. sections 1961–68, was intended to help eradicate organized crime and eliminate its infiltration and involvement in the nation's economy. During the first decade of the Organized Crime Control Act, most of the RICO litigation involved criminal actions brought by the federal government.[1]

While other district courts and courts of appeals have attempted to reach a proper construction of the civil remedies provided for in section 1964, it is a matter of first impression in this district. This court has the advantage of drawing upon a substantial body of case law interpreting the civil RICO provisions, both within the Ninth Circuit and other circuits. Unfortunately, civil RICO has generated substantial conflict among the federal courts as to the meaning of section 1964. Even district courts in the Ninth Circuit have divided on the proper interpretation of civil RICO.

One of the earliest of these district court opinions illustrates the potentially broad reach of the civil RICO statute. *Crocker National Bank v. Rockwell International Corp.*, 555 F.Supp. 47 (N.D.Cal.1982). In *Crocker National Bank* the civil RICO plaintiff had participated in the equipment financing of a bankrupt leasing company. The financing package was sold to Crocker Bank by Lehman Brothers Kuhn Loeb. Crocker Bank alleged a number of federal and state securities claims against the brokerage house and included a civil RICO action. The defendants moved to dismiss the RICO claim on the ground, *inter alia*, that Crocker Bank had failed to allege the required "nexus" of the civil RICO defendants to organized crime.

---

**1.** *See generally, United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). The predominantly criminal law nature of the early RICO actions is reflected in Footnote 1 of the *Turkette* court's opinion, *supra* at 578, 101 S.Ct. at 2526. Not a single civil RICO case was cited. In this Circuit, *see, e.g., United States v. Campanale*, 518 F.2d 352 (9th Cir.1975).

In denying the motion to dismiss, the district court concluded that while Congress intended RICO to combat, if not eliminate, organized crime, it did not limit the scope of RICO to persons connected with organized crime, or even to activities commonly thought of as racketeering. Rather, according to the court, Congress focused on a broader range of particular crime-connected activities and provided remedies against persons engaging in those activities. In allowing the RICO action to proceed, the court concluded that there was no indication in the statute that Congress intended RICO to be limited to persons or activities commonly associated with organized crime. *Cf. Jensen v. E.F. Hutton & Company, Inc.,* [1983–84 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 99,674 (C.D.Cal. January 26, 1984) (no requirement that civil RICO plaintiff plead a connection between defendant and organized crime); *Wilcox v. Ho-Wing Sit,* 586 F.Supp. 561 [1984 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 91,510 (N.D.Cal. May 3, 1984) (no "organized crime" requirement for civil RICO claim).

The failure of some courts to read section 1964 in the context of its legislative purpose has led to a multiplicity of cases involving civil RICO defendants who were charged with traditional securities and common law fraud. To limit the expanding scope of civil RICO and the flood of litigation to which it has given rise, several courts have imposed pleading or standing requirements on civil RICO plaintiffs.[2]

In *Hokama v. E.F. Hutton & Co., Inc.,* 566 F.Supp. 636 (C.D.Cal.1983), the court dismissed the civil RICO claim on the ground that, insofar as the civil RICO action was predicated on a federal securities law violation, the plaintiff had to allege some link to organized crime, however that term was defined. *See also, Aliberti v. E.F. Hutton & Co., Inc.,* 591 F.Supp. 632 [1984 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 91,661 (D.Mass. August 30, 1984).

As an alternative to requiring that a civil RICO plaintiff plead or allege a connection or "nexus" to organized crime, the district court in *Lopez v. Dean Witter Reynolds, Inc.,* 591 F.Supp. 581 [1984 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 91,634 (N.D.Cal. July 31, 1984), required an allegation that the "racketeering" enterprise was "organized solely for criminal purposes." The *Lopez* court recognized that there was "no evidence that Congress intended such a drastic alteration in the civil remedies available to victims of 'garden variety fraud' in enacting section 1964." *Id.* at pp. 99,217–218.[3]

The most recent, and in this court's view most persuasive, formulation of the civil RICO pleading rules originated with the Second Circuit in *Sedima, S.P.R.L. v. Imrex, Co.,* 741 F.2d 482 (2d Cir.1984) and *Bankers Trust Company v. Rhoades,* 741 F.2d 511 (2d Cir.1984). It has since been followed in *Terre Du Lac Association, Inc. v. Terre Du Lac, Inc.,* 601 F.Supp. 257 (E.D.Mo.1984) and *The Southgate Bank v. Public Water Supply District No. 7 of Jefferson County Missouri,* 601 F.Supp. 262 (E.D.Mo.1984).

In *Sedima,* the Second Circuit noted the "extraordinary, if not outrageous", uses to which private civil RICO has been put by purported victims of "garden variety" fraud. Before beginning its lengthy review of Title IX, the *Sedima* court noted, "RICO presents a classic case of a statute whose ambiguous language needs to be construed in light of Congress's purpose in

---

**2.** In *Harper v. New Japan Securities International, Inc.,* 545 F.Supp. 1002 (C.D.Cal.1982), it was held that civil RICO complaints which allege injury only by reason of "predicate" violations, such as "garden variety" securities fraud, without more, do not allege the required injury "by reason of" a RICO racketeering violation to give the plaintiff standing in a civil RICO action. *See also Johnsen v. Rogers,* 551 F.Supp. 281 (C.D.Cal.1982).

**3.** It is obvious that the Central and Northern District Courts of California are still floundering on this issue. The District Court of Hawaii, on the other hand, stands united. The Chief Judge and the other Senior Judge both recently approved this judge's interpretation of the civil RICO statute as requiring a criminal conviction before a civil RICO suit may go forward.

enacting it." 741 F.2d at 488. After finding the voluminous legislative history all but silent as to whether civil RICO applied to typical wire, mail, and securities fraud, the court continued:

> We do strongly suggest ... that if Congress had intended to permit defendants in every "garden-variety" fraud or securities violation case to be stigmatized as "racketeers," on the basis of a preponderance of the evidence, it would have said so in plainer language than it did. Before we impute to Congress the intention of federalizing a large portion of the common law which, since the time of the Constitution, has been left to the courts of the several states, and of providing treble damages and attorneys' fees for violations of these laws, or of altogether replacing or eliminating much of the need for extensive bodies of federal law specifically directed at extensively considered evils, we will require more explicit language from Congress indicative of such intent. *Id.* at 503–504.

■ The *Sedima* panel concluded that section 1964(c), which provides for treble damages for any person injured in "his business or property" by reason of the violation of section 1962, required that the civil RICO plaintiff plead and establish that the RICO defendant had been criminally convicted of one of the "predicate" acts of "racketeering activity" defined in section 1961(1) or of criminal RICO, section 1983. This court concludes likewise and adopts the Second Circuit's approach to civil RICO.

There are a number of reasons for requiring criminal convictions on the underlying predicate offenses forming the basis of a RICO claim before allowing a private civil RICO suit to be brought.[4] The primary one, however, is the simple fact that RICO was passed with the aim of preventing organized crime from infiltrating and injuring legitimate business enterprises. Without criminal convictions, one has alleged nothing more than a tenuous link or "nexus" to organized crime, if even that. Congress did not intend such a use of the private RICO statute, and this court will not sanction such a use.

To limit the use of section 1964 to its appropriate and congressionally intended purpose, this court holds that a civil plaintiff seeking to recover under section 1964(c) must plead and establish that a defendant has either been criminally convicted of the "predicate" acts enumerated in 18 U.S.C. section 1961(1) ("racketeering activity") or has been criminally convicted of the acts set forth in section 1962.

### III. CONCLUSION

■ The counterclaim plaintiffs have alleged that the corporate and individual counterclaim defendants committed certain "racketeering" or "predicate" acts in violation of 18 U.S.C. section 1962, which would subject the counterclaim defendants to the treble damage recovery provisions of section 1964(c). However, the counterclaim

---

**4.** One reason noted by the *Lopez* court *supra,* at 99,217, concerns the danger that plaintiffs may abuse the civil RICO statute when prosecutorial discretion is not present to scrutinize claims to insure that they are within the class Congress intended to authorize. A criminal federal prosecutor can file a criminal RICO indictment only after a careful review of the evidence. As the *Sedima* and *Lopez* courts observed, the prosecutor has a duty to screen charges of racketeering which have no basis in fact or law. A criminal RICO defendant . is protected to this extent against being unfairly or indiscriminately labeled a racketeer.

A civil RICO defendant, however, does not have these minimum protections afforded to criminal RICO defendants. There is no corresponding restraint on a civil RICO plaintiff against irresponsibly pleading violations of section 1962. Many of the reported cases indicate that civil RICO plaintiffs are automatically alleging securities, wire, or mail fraud, without any factual support, and proceeding to prosecute a civil RICO action based on little or no substance. The civil RICO defendant is then subject to the negative publicity of being labeled a "racketeer," with all of the connotations that the term conveys to the general public.

A civil RICO defendant can also be held liable for treble damages based on a preponderance of the evidence. A criminal RICO defendant can only be found guilty of the allegations if the government establishes its case beyond a reasonable doubt.

plaintiffs have failed to plead or establish that any of the counterclaim defendants have been convicted of the securities, wire, and mail fraud set forth in count I of the More Definite Statement of Counterclaim, or that any have been convicted under 18 U.S.C. section 1962. As there is no claim or proof that any of the counterclaim defendants have been convicted of any of the acts enumerated in 18 U.S.C. section 1961(1) or section 1962, the counterclaim defendants' motion to dismiss Count I must be granted and the claim based on 18 U.S.C. section 1964(c) is hereby dismissed.

IT IS SO ORDERED.