Laura BAUM, Plaintiff-Appellant,

v.

GLEN PARK PROPERTIES, et al., Defendants-Respondents.

Nos. 48597, 48596, 48595 and 48581.

Missouri Court of Appeals, Eastern District, Division One.

June 11, 1985.

Louis Jerry Weber, Thurman, Smith, Howald, Weber & Bowles, Hillsboro, for plaintiff-appellant.

John L. Davidson, Klamen & Danna, Clayton, for defendants-respondents.

CARL R. GAERTNER, Judge.

Plaintiff appeals an order of the trial court establishing the width and boundary line of her easement. Defendant cross appeals from the order determining the width and the court's order refusing to issue findings of fact. For the purposes of appeal the cases have been consolidated.

At the outset we note this is the second appeal for this case. Our original opinion appears at *Baum v. Glen Park Properties,* 660 S.W.2d 723 (Mo.App.1983). In that opinion we reversed and remanded the cause to the trial court for a determination of the width of easement and location of the boundary line. We specifically directed the trial court to "determine a reasonable width sufficient for road purposes for motor vehicles and farm equipment. Respondent [Baum] may then determine where the roadway shall be located on the easement, subject to the approval of the trial court."

There is no need to state the facts which establish the background for this case, for they are adequately set forth in *Baum v. Glen Park Properties, supra.* Therefore, only those facts adduced upon remand and necessary to answer the questions posed below will be discussed.

On March 13, 1984, the cause was reheard by the trial court to make specific determinations on the aforestated questions. Plaintiff, Laura Baum, testified that she would need an easement of approximately twenty-five (25) feet or more in order to transport the farm equipment to and from her land. Furthermore, plaintiff stated that she wanted the easement located on the south side of the property. She testified that this was the most convenient area involving the least amount of manuevering of equipment.

Defendants Glen Park Properties, John David Cassilly and Joseph L. Mason presented evidence that an easement under twenty-five (25) feet would be sufficient for plaintiff to transport farm equipment. They demonstrated that the equipment that might be used on the farm did not exceed twenty (20) feet in most instances. Moreover, defendants indicated that the northern portion would be a preferable boundary. They demonstrated that neither trees, curbs, nor a sign would have to be removed if that part of the easement were used for ingress and egress by plaintiff and that it would be no more inconvenient for her. Based on this evidence, the trial court found that twenty (20) feet of the easement should be used for road purposes and the roadway should be located on the northern portion of the land. From this order and

judgment both plaintiff and defendants appeal.

Plaintiff asserts the trial court incorrectly applied our instructions in *Baum v. Glen Park Properties, supra* in determining the size of the roadway and its location. We disagree.

■ Our review of this case is controlled by the standard enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the trial court's judgment unless it is against the weight of the evidence, erroneously declares the law or erroneously applies the law. *Id.*

In our previous opinion we remanded the cause to the trial court so that the size necessary for a roadway could be determined. *Baum v. Glen Park Properties*, 660 S.W.2d at 727. Moreover, we indicated that plaintiff (Baum) could determine where the roadway would be located on the easement. *Id.* However, we stated that her location selection would be subject to approval by the trial court. *Id.* From the record we ascertain that all parties involved were mindful of our earlier opinion. The evidence adduced at the retrial was directed solely to the two aforestated issues. Plaintiff testified the amount of space she needed for manuevering her farm equipment would be in excess of twenty-five feet. She explained that some of the equipment was quite large and that amount of space was necessary for entrance to and exit from her land. Furthermore, she testified that the boundary should be located on the southern portion of the easement. Although defendants' sign and trees would have to be relocated, plaintiff explained this was the most convenient location for her. Defendants then presented evidence to counter plaintiff's testimony. A farm machinery salesman explained the various sizes of equipment that in all likelihood would be used on plaintiff's land. He testified the equipment would, at most, be twenty feet in width. Although defendants did not directly address the location of the easement when presenting their case, they did stress during cross-examination of plaintiff the bur-

den of removing the sign, trees and curbs presently located in the southern area. Additionally, an engineer testified that by using either the northern or southern portion of the easement plaintiff would still have to use a portion of the state highway for both ingress and egress; thus there was no major difference to plaintiff between the two locations.

■ The trial court is in a better position than we are to evaluate the credibility of the witnesses. *Thornbrugh v. Poulin*, 679 S.W.2d 416, 418 (Mo.App.1984). Moreover, "[t]he trial court, when sitting as the trier of fact, may believe all, part or none of the testimony of any witness." *Trenton Trust Company v. Western Surety Company*, 599 S.W.2d 481, 483 (Mo. banc 1980); *Best v. Culhane*, 677 S.W.2d 390, 393 (Mo.App. 1984). Even if the testimony is uncontradicted, the trial court in its discretion may disbelieve it. *Scott v. Dowling*, 636 S.W.2d 176, 180 (Mo.App.1982). In the present case the court, guided by our directions in *Baum v. Glen Park Properties, supra*, heard evidence relating to the issues on remand. The court had to sift through the testimony presented and determine the appropriate size of the roadway. After that determination it then had to evaluate the reasonableness of plaintiff's selection for its location. We did not in our first opinion state plaintiff was to have the final word in determining both the size and location of the roadway. Rather, her desires were to be taken into consideration by the trial court. As an impartial body, the court was able to objectively evaluate plaintiff's requests and determine if they were reasonable.

■ We find there was evidence to support the court's finding that twenty feet would be sufficient for plaintiff to use as a roadway. Moreover, even though plaintiff specified her wishes regarding location of the road, her desires were subject to approval by the trial court. As the record indicates a northern location would not be burdensome to plaintiff, while the southern location would result in major expense and inconvenience to defendants, we defer to

the trial court's judgment. Noting our limited review under *Murphy v. Carron*, we do not find the trial court erred in its selection of the size of the roadway or its location.

As the issues presented by the cross-appeals brought by defendants are moot because of our earlier finding, we do not reach the merits of their claims. Defendants' cross-appeals are accordingly dismissed.

Judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.