Peter TSEVIS, Respondent,

v.

J & F INDUSTRIES, INC., d/b/a/ Prestige Pools and J & F Development Co., LLC, Appellant.

No. ED 77575.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 24, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 2001.

Application for Transfer Denied
Aug. 21, 2001.

Jesse W. Ullom, St. Louis, MO, for Appellant.

Robert J. Lenze, St. Louis, MO, for Respondent.

DRAPER, Judge.

This is a bench tried case in which Peter Tsevis (hereinafter, "Tsevis") sought to obtain a mandatory injunction requiring J & F Industries, Inc. d/b/a/ Prestige Pools (hereinafter, "J & F'") to remove its recent warehouse addition. The Circuit Court of Saint Louis County granted the injunction, and it awarded damages and attorney's fees to Tsevis. J & F appeals. The judgment is reversed.

In 1984, Tsevis sold a parcel of land located along Watson Road in Saint Louis County while retaining an adjacent lot. There are businesses located on both tracts of land. The purchaser and Tsevis granted mutual reciprocal easements allowing customers of both businesses to park in either parking lot and maintaining the ingress and egress between the properties. Further, Tsevis granted the purchaser the right to build an appurtenant structure to the existing building on the lot which he sold.

J & F purchased the property adjacent to Tsevis in December 1996 with knowledge of the recorded easement. In order to operate efficiently, J & F consolidated its business at this location and constructed a storage warehouse on site. J & F built its warehouse appurtenant to the existing building. The warehouse consumed approximately 25 parking spaces, but did not alter the ingress or egress between the two lots.

After construction was complete, Tsevis brought suit to enforce the easement claiming that the warehouse diminished the use and value of his property by infringing upon the easement. The trial court ordered J & F to: demolish the warehouse, restore the parking spaces where the warehouse is located, pay damages and attorney's fees to Tsevis, and refrain from using the restored property for anything other than customer parking. J & F appeals.

Upon review of the trial court's judgment, this Court will sustain the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). J & F believes that the trial court's judgment was erroneous in that the warehouse did

not substantially diminish or unreasonably interfere with Tsevis' enjoyment of the easement; the purpose of the easement is served; and appurtenant structures specifically were permitted to be built within the easement area. J & F refers this Court to its opinions in *Baum v. Glen Park Properties*, 660 S.W.2d 723 (Mo.App. E.D.1983) and *RFS, Inc. v. Cohen*, 772 S.W.2d 713 (Mo.App. E.D.1989).

In *Baum*, Laura Baum (hereinafter, "Baum") conveyed a portion of her property to Glen Park Properties (hereinafter, "Glen Park"). *Baum*, 660 S.W.2d at 724. The deed provided that the property was conveyed subject to an easement which provided a specific location for a 40–foot easement for a road which was the only access to the Baum's property. Glen Park then erected signs, curbing, and trees over part of the easement. Baum brought suit arguing that any obstruction or impediment to the easement was unlawful. The trial court agreed finding the modifications were unlawful, ordered their removal, and restrained Glen Park from placing any impediment anywhere on the road easement. Glen Park appealed.

▮▮▮ This Court found the injunction issued by the trial court to be impermissibly broad. *Id.* at 726. Glen Park's modifications did not block access to the road, but merely interfered with a portion of the road which Baum wanted to use. *Id.* A landowner whose property is affected by an easement may not use the property in a manner inconsistent with the terms of the easement; however, the servient estate's owner retains the rights of full dominion and use of the land "except so far as a limitation thereof is essential to the reasonable enjoyment of the dominant estate...." *Id.* (*citing Stotzenberger v. Perkins*, 332 Mo. 391, 58 S.W.2d 983, 987 (1933)). Additionally, when the servient property is subject to an easement with

ingress and egress, the owner may erect structures upon the property which do not interfere with the dominant estate's enjoyment of the easement. *Id.* The trial court was instructed upon remand to determine a reasonable width for the original purpose of the easement while allowing the Glen Park modifications. *Id.* at 727. After remand, the easement was established as a 20 foot road which did not require the removal of the signs and trees. *Baum v. Glen Park Properties*, 692 S.W.2d 831, 832 (Mo.App. E.D.1985). The new location of the easement was affirmed on appeal as not being burdensome to Baum while the alternative location would cause expense and inconvenience to Glen Park. *Id.* at 833.

In *RFS*, there was a disputed easement involving ingress and egress in a parking area between two adjoining shopping centers. *RFS*, 772 S.W.2d at 714. In 1978 the prior owners of one of the shopping areas recorded a perpetual easement along the northern portion of the property approximately 50 feet wide for pedestrian and vehicular ingress and egress. The easement terms specially provided that the easement needed to be asphalt, barriers were not to be erected, and driveway access to two roadways maintained. Additionally, the easement provided that the prevailing party in any dispute about the easement shall be entitled to attorney's fees. The servient estate owner (hereinafter, "Cohen") sought to construct a building while RFS claimed the construction would interfere with the ingress and egress as provided for in the easement. The trial court enjoined Cohen from certain improvements of their shopping center and ordered Cohen to pay costs and attorney's fees.

▮▮▮ A court of equity "looks to the respective rights of the dominant and servient estates with a view toward ensuring that the use and enjoyment of the easement by the dominant estate is not de-

stroyed or substantially diminished, and also that the full dominion and use of the servient estate not be limited beyond what is essential to the fulfillment of the purpose and intent of the easement." *RFS*, 772 S.W.2d at 716. This Court reversed, finding the trial court erroneously declared the law by holding Cohen "may not disturb, injure, or destroy the easement which encompasses the existing traffic lanes" when the easement only granted a general right of ingress and egress. *Id.*

Similarly, in the instant case, the recorded easement granted a general right of ingress and egress between the two properties and parking privileges. The easement also allowed for construction of appurtenant structures to the existing building. The warehouse J & F installed on the property, although diminishing the number of parking spaces available to the dominant estate, maintained access between the properties and was allowed by the express terms of the easement. Nothing in the easement purported to require J & F to maintain any particular number of parking spaces or to grant Tsevis rights to park in any specific space or spaces. Given the continued availability of ample parking spaces on the servient estate, Tsevis continues to enjoy the benefit of the general rights conferred by the easement. The trial court erroneously applied the law in requiring J & F to remove the warehouse, pay damages, and permanently enjoining J & F from using the area of the parking lot for any purpose other than customer parking.

The judgment of the trial court is reversed.

GARY M. GAERTNER, Sr., P.J., and CRAHAN, J., concur.