**EARTH CITY CRESCENT ASSOCIATES, L.P., a Missouri Limited Partnership, Plaintiff–Respondent,**

v.

**LAGF ASSOCIATES–MO, L.L.C., a Delaware Limited Liability Company, Defendant–Appellant.**

**No. ED 78927.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 20, 2001.

Mary M. Bonacorsi, Matthew S. Darrough, St. Louis, MO, for appellant.

Henry F. Luepke, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

LAGF Associates—MO L.L.C., (Hotel), appeals summary judgment granted in favor of Earth City Crescent Associates, L.P., (Landowner), in this easement dispute. Because Landowner did not set forth facts showing a substantial interference with its use of the easement, summary judgment was improper. Therefore, we reverse and remand.

## FACTS

The dispute, as revealed from the summary judgment record, arose from Hotel's use of an easement area for parking and signage. Hotel and Landowner own adjoining parcels of land in Earth City. Landowner holds a perpetual, non-exclusive easement over and across Hotel's land for access, ingress, egress, and roadway purposes. Landowner's parcel, which is undeveloped and unimproved, is landlocked without this easement. Hotel, which has both a hotel and restaurant on its parcel, currently uses the easement area for parking and signage. Hotel has declined Landowner's request that Hotel remove its sign and cease using the area for parking. This litigation ensued.

Landowner petitioned for a declaration of its rights pursuant to the deed of easement, and that Hotel must cease its practice of permitting parking on the easement. Landowner moved for summary judgment. Hotel failed to respond to the motion. In granting summary judgment for Landowner, the trial court upheld the easement's validity and found Hotel's "use of the easement area as part of its parking lot and its erection of a monument within the easement inconsistent with the Easement." Hotel appeals.

## STANDARD OF REVIEW

■ Our review of the trial court's grant of summary judgment is essentially

*de novo. ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We need not defer to the trial court's order, as its judgment is founded on the record submitted and the law. *Id.* We are limited in our review, however, to considering the same information that the trial court considered in rendering its decision; our review does not extend to the entire record. *See* Rule 74.04(c)(3); *Mothershead v. Greenbriar Country Club, Inc.*, 994 S.W.2d 80, 85 (Mo.App. E.D.1999). We will review the record in the light most favorable to Hotel, the party against whom judgment was entered, and accord it the benefit of all reasonable inferences from the record. *ITT*, 854 S.W.2d at 376.

Summary judgment is proper where the motion for summary judgment and the response thereto show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 74.04(c)(3); *ITT*, 854 S.W.2d at 380. In determining the propriety of summary judgment, the facts set forth in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *ITT*, 854 S.W.2d at 376. However, even if uncontradicted, the facts alleged by the moving party must still establish an entitlement to judgment as a matter of law for summary judgment to be proper. *Landes v. State Farm Fire & Cas. Co.*, 907 S.W.2d 349, 354 (Mo.App. W.D.1995).

## ANALYSIS

Hotel raises two points on appeal, one of which we find dispositive. Hotel alleges the trial court erred in granting summary judgment, arguing that Landowner failed to present any evidence that the parking or sign interfered with its use of the easement.

■ An easement is a right to use the land of another for a particular stated purpose; it is not the complete ownership of land. *See Baum v. Glen Park Properties*, 660 S.W.2d 723, 726 (Mo.App. E.D. 1983); *Kissinger Private Levee System v. Mackey*, 624 S.W.2d 64, 69 (Mo.App. E.D. 1981). The owner of land burdened by an easement retains the right of full dominion and use of the land affected by the easement; he may control and use his property in any way that does not substantially interfere with the reasonable use of the easement by the easement holder. *Beiser v. Hensic*, 655 S.W.2d 660, 663 (Mo.App. E.D.1983), *citing Stotzenberger v. Perkins*, 332 Mo. 391, 58 S.W.2d 983, 987 (1933) and 2 G. Thompson, Real Property § 426 at 655 (1980 Replacement).

■ Hotel, as the owner of land burdened by an easement, is using its property and easement area for parking and a sign. Hotel has every right to do so, up to the point where such uses substantially interfere with Landowner's reasonable use of the easement. Landowner is seeking a judgment declaring that Hotel must cease these uses. To obtain such a declaration, Landowner needed to show substantial interference with its use of the easement; we find that Landowner failed to make such a showing. Landowner's statement of uncontroverted material facts makes no averment that Hotel is substantially interfering with Landowner's use of the easement, whether the use be access, ingress or egress to its property or any of the specified rights granted to Landowner in the deed of easement. Without setting forth facts showing a substantial interference with its use of the easement, Landowner could not be entitled to judgment as a matter of law, thus precluding summary judgment.

The judgment is reversed and remanded.

SHERRI B. SULLIVAN, P.J., and LAWRENCE G. CRAHAN, J., concur.