ROBERT G. DOWD, JR., Presiding Judge
Gerald Stoesz and Pamela Stoesz ("Appellants") appeal from summary judgment entered in favor of Danny Wright and Stacy Wright ("Respondents") on Appellants' action for declaratory judgment, injunctive relief and trespassing with respect to an easement used by Appellants and running through Respondents' property. We reverse and remand.
Appellants acquired the real estate upon which their home is located in 1985. The general warranty deed conveying the property also granted Appellants the right to use a thirty-foot wide "joint easement for road purposes." Contained within the access easement is a road known as "Mustang Lane," which is an approximately ten-foot wide private gravel road providing the only access to Appellants' property. Appellants share the access easement with others who own property along Mustang Lane. Respondents acquired the real estate containing the access easement in 2012 but do not use Mustang Lane or the easement to access their property.
In March 2016, Respondents began constructing a fence along Mustang Lane. Prior to the completion of the fence, Appellants asked Respondents to relocate the fence outside the easement area, but Respondents refused. Thereafter, Appellants filed their petition for declaratory judgment, injunctive relief and trespass, and sought a declaration that the fence substantially interferes with their ability to gain ingress and egress to their property and with their ability to properly maintain and preserve the easement area for current and future use. Appellants also asked the court for a permanent injunction requiring Respondents to remove the fence and for damages for trespass.
After conducting written discovery, Respondents moved for summary judgment arguing that the fence does not create any access issues that materially impact Appellants' easement rights. The parties filed briefs with supporting documents, and following a hearing, the trial court granted Respondents' motion for summary judgment.[1] This appeal follows.
*721 Because the trial court did not make any findings or conclusions or otherwise explain the basis for its ruling, on appeal Appellants address all bases for summary judgment argued before the trial court and make three points on appeal. First, they argue the trial court erred in granting Respondents' motion for summary judgment because the record establishes material facts that remain in dispute, particularly a genuine factual dispute concerning whether Respondents' fence substantially interferes with the Appellants' ability to use, maintain and preserve the quality of the access easement and Mustang Lane. Second, Appellants argue the trial court erred in granting Respondents' motion for summary judgment to the extent it concluded that either Sections 228.342 or 228.369 required Appellants to join all owners of land along Mustang Lane with rights in the access easement. They contend neither Section 228.342 nor Section 228.369 applies to Appellants' claims because Appellants are not attempting to widen Mustang Lane or establish a maintenance plan and because Appellants' interest in maintaining and preserving the quality of the access easement is sufficient to confer standing. Third, Appellants contend the trial court erred in granting Respondents' motion for summary judgment to the extent it found Appellants' claims are not ripe because Appellants' inability to properly maintain and preserve the quality of the access easement and Mustang Lane presents a real, substantial, presently-existing controversy sufficient to warrant declaratory judgment.
"Our review of a trial court's grant of summary judgment is essentially de novo." Earth City Crescent Associates, LP v. LAGF Associates-MO, LLC , 60 S.W.3d 44, 45-46 (Mo. App. E.D. 2001) (citing ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993) ). Our review does not extend to the entire record. Id. at 46. Instead, we consider the same information that the trial court considered in rendering its decision. Id. We review the record in the light most favorable to the party against whom judgment was entered "and accord it the benefit of all reasonable inferences from the record." Id. (citing ITT Commercial Finance Corp., 854 S.W.2d at 376 ). "Summary judgment is proper where the motion for summary judgment and the response thereto show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. (citing Rule 74.04(c)(3); ITT Commercial Finance Corp., 854 S.W.2d at 380 ). In determining whether summary judgment is appropriate, "the facts set forth in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion." Id. (citing ITT Commercial Finance Corp., 854 S.W.2d at 376 ).
For their first point on appeal, Appellants claim the trial court erred in granting Respondents' motion for summary judgment because the record establishes material facts that remain in dispute, particularly a genuine factual dispute concerning whether Respondents' fence substantially interferes with the Appellants' ability to use, maintain and preserve the quality of the access easement and Mustang Lane. Appellants argue that the determination of whether Respondents' fence substantially interferes with Appellants' right to use and *722 maintain the access easement is a question of fact, that Respondents have failed to make a prima facie showing of a legal right to judgment as a matter of law since the materials submitted demonstrate the existence of a genuine dispute of material fact and that genuine issues of material fact exist with respect to whether Respondents' fence substantially interferes with Appellants' use and maintenance of the access easement.
"An easement is a non-possessory interest in the real estate of another." Burg v. Dampier , 346 S.W.3d 343, 353 (Mo. App. W.D. 2011). "The interest is not an interest in title, but confers a right of one person to use the real estate of another for a general or specific purpose." Id. Here, the general warranty deed conveying Appellants' property to them grants them the "joint easement for road purposes." "A roadway easement has been construed to afford a right of ingress and egress over a servient tenement." Id. (internal quotation marks omitted). As in this case, where the roadway easement is created by deed, the owner of the dominant estate, which is the estate that benefits from the easement, "has the right to maintain the easement in a condition for passage" while the owner of the servient estate, which is the estate burdened by the easement, "is under no obligation to maintain or repair." Id. (internal quotation marks omitted). Thus, by virtue of the grant of the roadway easement here, Appellants have the express right to utilize the easement for ingress and egress and have the further right, if not the obligation, to maintain the easement. See id. (noting that by virtue of the grant of a perpetual, non-exclusive roadway easement, the plaintiffs "had the express right to utilize the easement for ingress and egress ... and had the further right (if not the obligation) to mow and otherwise maintain the easement").
At the same time, the owner of the servient estate "retains the right of full dominion and use of the land affected by the easement." Earth City Crescent Associates, LP , 60 S.W.3d at 46. The owner of the servient estate "may control and use his property in any way that does not substantially interfere with the reasonable use of the easement by the easement holder." Id. "Whether the use of a non-exclusive easement by the owners of the servient tenement substantially interferes with the dominant tenement's use of the easement is a question of fact to be determined by the trial court." Burg , 346 S.W.3d at 355. When conducting such an inquiry, "our courts will look to whether the servient tenement's use of the easement made the easement less useful or less convenient." Id. ; see also Murdaugh v. Patterson , 435 S.W.3d 689, 693 (Mo. App. S.D. 2014) (noting that "the servient estate owner may not make the easement less useful or less convenient" and that "[t]he fact that a grant of an easement does not include a catalogue of the myriad of imaginable interferences does not sanction the unmentioned" (internal quotation marks and brackets omitted)); Beiser v. Hensic , 655 S.W.2d 660, 663 (Mo. App. E.D. 1983) (noting "[t]he servient estate owner may not make the easement less useful or convenient.").
Respondents argue that they are entitled to summary judgment because Appellants have failed to identify a time where Appellants' access to their property via the easement was impaired by the fence. To support their argument they cite Appellants' responses to various discovery requests and requests for admission which Respondents claim simply parrot allegations in Appellants' petition and are otherwise insufficient to show any impairment to Appellants' access. Some of these discovery requests and requests for admission *723 ask Appellants to demonstrate times when the fence "prevented" or "impeded" their access to their property via the easement. Certainly, if Respondents' fence completely prevented or impeded Appellants access to their property via the easement, that interference would be unlawful, but the analysis here is not quite that simple. The issue is not whether the fence prevented or impeded Appellants' access to their property via the easement but whether the fence substantially interfered with Appellants' reasonable use of the easement. Examination of that issue includes a consideration of whether the fence made Appellants' use of the easement less useful or less convenient. See Burg , 346 S.W.3d at 355. In other words, even if the fence never completely prevented Appellants' access to the property via the easement, the fence could still be unlawful if it substantially interfered with their reasonable use of the easement by making it less useful or less convenient to Appellants.
Appellants argue that Respondents failed to make a prima facie showing of a right to summary judgment because their own supporting materials, including Appellants' answers to written discovery, demonstrate disputed facts regarding this alleged interference. Even if we assume without deciding that Respondents made a prima facie showing of a right to summary judgment, to defeat summary judgment, Appellants "need only show that there is a genuine dispute as to the facts underlying the movant's right to judgment." ITT Commercial Finance Corp, 854 S.W.2d at 382. "For purposes of Rule 74.04, a 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of essential facts." Id. While Respondents claim they are entitled to summary judgment because Appellants cannot establish evidence that their access to their property via the easement is impaired by the fence, the summary judgment record suggests at least some plausible basis for substantial interference, thereby creating a genuine dispute as to the facts underlying Respondents' right to summary judgment, especially when we review the record in the light most favorable to Appellants and accord them the benefit of all reasonable inferences.
For example, in response to Respondents' motion for summary judgment, Appellants asserted via affidavit that the fence prevents them from pulling off on the side of the road to allow oncoming traffic to pass. In particular, they asserted that the southern edge of Mustang Lane is within two feet of the southern edge of the easement making it impossible to pull to that side of the road without trespassing on neighbors' property and that a ditch prevents them from pulling over on the opposite side of the road. Appellants also denied Respondents' assertions that their fence is located in an area that, previous to the construction of the fence, was largely occupied by overgrowth, trees, bushes and shrubs. Appellants supported that denial via affidavit that a majority of the trees that were removed prior to constructing the fence were not located in the area of the easement and did not abut the gravel road and that the trees removed from the easement area did not establish a natural fence line and were located further back from the gravel road than the location of the fence. Appellants also asserted via affidavit that they use large pieces of farming equipment to cut and bale hay and maintain their property and the pond on their property and that the fence interferes with their ability to haul certain farm and excavating equipment to their property. Appellants also assert they own a tractor with multiple attachments and that the fence substantially interferes with their ability to haul the tractor.
Appellants also established via their own affidavits that the fence causes flooding *724 and drainage problems to the road and the road has become soft and fragile as a result of water being trapped and is in such poor condition that the gravel is sinking, causing the road to sink and the sides of the road to rise creating a gutter effect. Appellants also state the fence interferes with proper grading of the road to establish a crown and create proper drainage. Appellants' engineering expert opined via affidavit that without the ability to grade the road and establish a crown, the road cannot properly divert water into the drainage ditch causing continuing damage and erosion to the road. Appellants' expert also opined via affidavit that in order to preserve the quality of the easement and prevent ongoing damage to the area, it is necessary to move the fence out of the easement area and further away from the road in order to perform maintenance grading to the drainage ditch and divert surface water to a downstream drainage structure. Appellants made several assertions regarding their efforts to maintain the road prior to the construction of the fence, including blading the road, brush hogging the easement, ordering and sharing costs for gravel to be spread on portions of the easement, trimming trees on the easement and clearing and maintaining drainage ditches within the easement.
Reviewing the record in the light most favorable to the Appellants and according them the benefit of all reasonable inferences from the record, the record demonstrates a genuine dispute as to the facts underlying Respondent's right to summary judgment. Given Appellants' assertions, the record contains plausible, but contradictory, accounts of facts essential to a determination of whether Respondents' fence substantially interfered with Appellants' reasonable use of the easement. As such, summary judgment is improper.
Point One is granted.
Given our finding on Point One, we need not address Appellants' additional points on appeal except to note the following. Because the trial court granted summary judgment without indicating the specific basis for its ruling, on appeal, Appellants defend against each basis for summary judgment argued before the trial court. In doing so, in Point Two, Appellants claim the trial court erred in granting Respondents' motion for summary judgment to the extent it concluded Sections 228.342[2] or 228.369[3] required Appellants *725 to join all owners of land along Mustang Lane who have easement rights in Mustang Lane in that Appellants are not attempting to widen the physical width of the gravel portions of Mustang Lane or establish a maintenance plan. Appellants' petition includes no claims under Sections 228.342 or 228.369. In addition, Respondents' additional argument that Appellants failed to join necessary parties for a declaratory judgment action under Rule 87.04 was not argued in the summary judgment briefs before the trial court and is not part of any record on which this Court can rule. Because we reverse summary judgment in favor of Respondents and remand for further proceedings, those proceedings may include further consideration of any application of Sections 228.342 or 228.369 or any joinder of parties Respondents claim to be necessary.[4]
In their third point, Appellants claim the trial court erred in granting Respondents' motion for summary judgment to the extent it found Appellants' claims are not ripe because Appellants' inability to properly maintain and preserve the quality of the access easement and Mustang Lane present a real, substantial, presently-existing controversy sufficient to warrant declaratory judgment. Respondents only assert a lack of ripeness with respect to Appellants' claims regarding the maintenance of the easement and do not make such assertions as to Appellants' claims of interference with their access via the easement (e.g., inability to bring farm equipment on the road, inability to pull over onto the shoulder when approaching oncoming traffic, etc.). Accordingly, even if meritorious, Respondents' ripeness claim does not entitle Respondents to summary judgment on all of Appellants' claims. Respondents assert that maintenance claims are not ripe because there is no plan of maintenance under Section 228.369 for the easement and the property owners with rights to use the easement do not agree with the maintenance measures with which Appellants claim the fence interferes. Not only is a plan of maintenance not required under Section 228.369 in order to maintain the road,[5] but any determination of the rights of other parties relative to this action can be properly addressed in further proceedings on remand.
Judgment is reversed, and the case is remanded for further proceedings consistent with this Opinion.
Sherri B. Sullivan, J. and Kurt S. Odenwald, J., concur.

There was dispute at the trial court level regarding Respondents' compliance with Rule 74.04(c)(3) in attaching eight new exhibits to their response to Appellants' additional statement of facts. The trial court's order granting summary judgment did not address Appellants' motion to strike the additional exhibits or Respondents' motion to strike Appellants' sur-reply. Following another hearing, the trial court included in its amended judgment and order language striking the exhibits attached to Respondent's reply in support of its motion to dismiss from the summary judgment record.
After Appellants filed the present appeal, Respondents filed a separate cross-appeal. According to their notice of appeal, Respondents sought to complain about the portion of the judgment that struck certain exhibits "to the extent that such exhibits are necessary to uphold the Summary Judgment order." We dismissed Respondents' cross-appeal finding they were not aggrieved parties with standing to appeal because the trial court's judgment dismissed all counts against them, granted their motion for summary judgment and effectively granted all relief sought. We further noted that Respondents could defend the summary judgment by arguing the rejected exhibits would support the trial court's judgment. Because we find Appellants' assertions via affidavit in the summary judgment record created a genuine dispute as to the facts underlying Respondents' right to summary judgment, the rejected exhibits responding to Appellants' assertions do not impact the conclusions we reach in this Opinion. If anything, since the exhibits counter Appellants' assertions, they further substantiate the existence of a genuine dispute of the facts underlying Respondents' right to summary judgment.

Section 228.342 applies to situations where parties are attempting to widen a private road and provides:
A private road may be established or widened in favor of any owner or owners of real property for which there is no access, or insufficiently wide access, from such property to a public road if the private road sought to be established or widened is a way of strict necessity. As used in this section, the term "strict necessity " shall include the necessity to establish or widen a private road in order to utilize the property for the used permitted by law. Any petition for the establishment or widening of a private road shall be filed and the proceeding shall be conducted in the circuit court of the country where the proposed road is to be located. The owners of the real property over which the proposed private road shall pass shall be named as defendants.
(emphasis in the original).

Section 228.369.1 provides:
For any private road subject to the use of more than one homeowner, in the absence of a prior order or written agreement for the maintenance of the private road, including covenants contained in deeds or state or local permits providing for the maintenance of a private road, when adjoining homeowners who are benefitted by the use of an abutting private road, or homeowners who have an easement to use a private road, collectively owners or benefitted owners are unable to agree in writing upon a plan of maintenance for the maintenance, repair, or improvement of the private road and including the assessment and apportionment of coasts for the plan of maintenance, one or more of the owners may petition the court for an order establishing a plan of maintenance.

"The absence of a necessary party is not fatal to jurisdiction; the remedy is joinder." Sterling inv. Group, LLC v. Board of Managers of Brentwood Forest Condominium Ass'n , 402 S.W.3d 95, 98 (Mo. App. E.D. 2013) (analyzing necessary joinder under Rule 87.04).

Section 228.369.1 provides circumstances under which a landowner may petition for the court for an order establishing a plan of maintenance, particularly in the absence of a prior order or written agreement for maintenance of the private road. The use of the word "may" in the statute indicates that the procedure outlined in the statute is not required, and it is a procedure to be followed "in the absence of a prior order or written agreement for the maintenance of the private road." While there is no evidence of a prior order or written agreement for the maintenance of the easement in the summary judgment record before us, this is not a determination we can make on the record before us.